George L. Rose *et al.*

*v.*

William Walk *et al.*

*Filed at Ottawa January 16, 1894.*

1. Mortgage—*foreclosure of junior mortgage.* A junior mortgage may be foreclosed upon the equity of redemption, subject to the lien of a prior mortgage, where the latter has not been foreclosed and a sale had and deed made to the purchaser.

2. Same—*effect of foreclosure and sale under senior mortgage on junior mortgage.* Upon the foreclosure of a senior mortgage, and a sale and conveyance in pursuance thereof, the equity of redemption in the mortgagor will be extinguished, and nothing will remain upon which a junior mortgage can attach or which can be sold on its foreclosure.

3. By the foreclosure of a prior mortgage, and a sale and conveyance thereunder, the legal title in the mortgaged premises will vest in the grantee in the master's deed, leaving nothing in the mortgagor or the junior mortgagee except the right to redeem in equity, and upon redemption by the junior mortgagee he may foreclose his mortgage and have the land sold in satisfaction of his debt and the sum advanced to redeem from the prior mortgage.

4. Same—*right of junior mortgagee not made party, to foreclose senior mortgage.* The right of a junior mortgagee to redeem from a prior mortgage will not be cut off by a bill to foreclose the prior mortgage, to which he was not made a party. But after foreclosure and sale under the senior mortgage, and deed made, without making a junior mortgagee a party, the latter can not maintain a bill to foreclose his mortgage without seeking to redeem from the prior mortgage.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. Horton, Judge, presiding.

October 12, 1882, William James joined by his wife, executed a trust deed upon the lots in controversy, with others, to Frank R. Chandler, to secure the payment of two notes of $4000 each. On January 31, 1885, said James, by his trust deed, conveyed his equity of redemption in said lots to Joseph B. Lapham, to secure the payment of four promissory notes: one to Rose, McAlpin & Co., for $1058.56, one to Edward Mott & Co., for $519.91, one to Rosenfield & Greiner, for $342.81, and the fourth to Lapham & Waterbury, for $1093.50.

On the 19th day of January, 1888, the Sullivan Savings Institution and Charles L. Mead, owners of the notes secured by the Chandler trust deed, which were past due and unpaid, filed their bill to foreclose said trust deed, in the Superior Court of Cook county, making said James and others, including said Joseph B. Lapham, who was trustee in said junior trust deed and member of the beneficiary firm of Lapham & Waterbury, parties defendant. The defendants were all served with process, and on the 26th of March, 1888, a decree of foreclosure was rendered foreclosing said trust deed to said Chandler, and finding the sum due thereunder to be $8529.50,

and requiring the same to be paid within a time fixed, and that in default thereof the premises be sold by the master, etc., and making the usual provisions for redemption and deed. The bill alleged, and the decree found, that at the time of filing the bill said Joseph B. Lapham was the legal holder of all the notes secured by the junior trust deed. Payment not having been made, the lots were sold by the master, as directed by the decree, and were bid off by William H. Rose for the amount of the decree, interest and costs, and the usual certificate of sale, dated May 21, 1888, issued to the purchaser. The certificate having been assigned to Peyton R. Chandler, and no redemption having been made from said sale, the master, on September 24, 1889, executed and delivered to said Chandler a deed in accordance with said decree. The action of the master in making such sale, etc., was, upon report thereof, duly approved. On the 31st day of August, 1889, Chandler conveyed lots 8 and 9 to Potratz, one of the defendants in the present proceeding, who paid therefor $7500 in cash, and the other lots to defendant Walk for $7500, $5000 of which was paid in cash and $2500 on time, secured by mortgage on the lots sold to him.

January 7, 1891, George L. Rose and the other payees in the notes secured by the junior trust deed mentioned, filed their bill in the circuit court of Cook county to foreclose said junior trust deed, and for a sale of the real estate therein described, for the payment of the several sums thereby secured. The mortgagor, William James, said Walk and Potratz, the Sullivan Savings Institution and Peyton R. Chandler were made defendants. Walk and Potratz answered, setting up the proceedings in the former foreclosure; that they bought the property in good faith, in reliance on said decree; that they paid therefor the sum of $15,000, and had expended $16,000 in the erection of buildings thereon; denying the right of complainants to redeem, or to foreclose the mortgage as against them, etc. The Savings Institution and Chandler also an-

swered, setting up the proceedings in the former foreclosure as a bar.

The evidence offered tended to show that Joseph B. Lapham was not the owner of the notes described in the junior trust deed, and at the hearing the bill was so amended as to allege the fact that he was not, at any time, owner of said notes, and that complainants in the present bill were not parties to the foreclosure by said Sullivan Savings Institution and others, but were fraudulently omitted therefrom, to conceal from them the pendency of said suit, etc. This amendment having been answered, the court, on hearing, dismissed the bill for want of equity. On appeal to the Appellate Court this decree was affirmed.

Mr. L. S. Hodges, for the appellants:

A judgment or decree is not binding upon persons who are strangers to the record, and have not been heard therein, directly or indirectly, in behalf of their pre-existing rights which are attempted to be adjudicated by such judgment or decree. As to such persons it is a nullity, and can be attacked collaterally whenever it is used against them, as to such rights. *Borders* v. *Murphy,* 78 Ill. 81; *Bigelow* v. *Duval,* 16 N. Y. 646; *Peabody* v. *Roberts,* 47 Barb. 91; *Iron Co.* v. *Brashnahan,* 66 Mich. 489; *Avery* v. *Ryerson,* 34 id. 363; *Willis* v. *Henderson,* 4 Scam. 13; *Clark* v. *Thompson,* 47 Ill. 25; *Botsford* v. *O'Connor,* 57 id. 72; *Hodgen* v. *Guttery,* 58 id. 431; *Pratt* v. *Pratt,* 96 id. 184; *McGraw* v. *Bayard,* id. 146; *Coal Co.* v. *Coal Co.* 111 id. 32; *Patton* v. *Smith,* 113 id. 499; *Cheney* v. *Patton,* 134 id. 422.

The complainants were not obliged to redeem before foreclosing this junior mortgage. Jones on Mortgages, 1057; *Goodman* v. *White,* 26 Conn. 317; *Bigelow* v. *Duval,* 16 N. Y. 646; 47 Barb. 91; *Cheney* v. *Patton,* 134 Ill. 422.

The practice of foreclosing junior mortgages without redeeming from prior mortgages is recognized in many cases,

the purchaser at the sale taking subject to the rights of the senior mortgagee. *Dodds* v. *Snyder,* 44 Ill. 53; *Warner* v. *Devitt,* 4 Bradw. 305; *Norton* v. *Joy,* 6 id. 406; *Atwater* v. *West,* 28 N. J. Eq. 361; *Chilver* v. *Weston,* 27 id. 435; *Shinn* v. *Shinn,* 91 Ill. 477; *Stewart* v. *Johnson,* 30 Ohio, 24.

Messrs. BLANKE, CHYTRAUS & DENEEN, Mr. LEWIS H. BISBEE, Mr. HERMAN W. STILLMAN, and Mr. CHAUNCEY W. MARTIN, for the appellees:

The only remedy appellants had was by bill to redeem. *Cutter* v. *Jones,* 52 Ill. 84; *Kenyon* v. *Shreck,* id. 382; *Scates* v. *King,* 110 id. 456; *Kilgour* v. *Wood,* 64 id. 345; *Martin* v. *Fridley,* 23 Minn. 15.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed to foreclose a junior mortgage, against the purchasers at a foreclosure sale under a senior mortgage without offering to redeem from such sale. Conceding that the complainants were not parties to the foreclosure of the senior mortgage, and that they were permitted to show that Lapham, who was a party to that proceeding, *(Brasher* v. *Van Cortlandt,* 2 Johns. Ch. 242; *Walton's Exrs.* v. *Herbert,* 4 N. J. Eq. 73,) was not, and that they were, the legal owners and holders of the indebtedness secured by the junior mortgage, their rights under their bill would not be materially changed. It is familiar that a complainant must recover, if at all, according to the allegations and prayer of his bill. As before said, the bill does not seek to redeem from the sale under the decree foreclosing the senior mortgage, the validity and regularity of which is not questioned.

It is, however, insisted, that as the complainants were not parties they were not bound by the decree and proceedings thereunder, and may proceed to foreclose their mortgage, subject to the lien of the senior incumbrance, as if no foreclosure thereof, and sale and conveyance, had been made. This is a

misapprehension. Their security was upon the equity of re-demption remaining in the mortgagor or grantor in their deed of trust, and upon foreclosure of the senior mortgage, and a sale and conveyance in pursuance thereof, the equity of re-demption in the mortgagor was extinguished, and nothing remained in him upon which the junior mortgage could attach or that could be sold on foreclosure of their security. By the foreclosure of the prior mortgage, and sale and conveyance thereunder, the legal estate became vested in the grantee in such conveyance, and left nothing in the mortgagor and noth-ing in the junior mortgagees except the right to redeem in equity, and, upon redemption, to have foreclosure of their mortgage and the land decreed sold for the satisfaction of the same, including the sum advanced to make the redemption. (Jones on Mortgages, sec. 1064; *Cutter* v. *Jones,* 52 Ill. 84; *Kenyon* v. *Shreck,* id. 382; *Kilgour* v. *Wood,* 64 id. 345; *Scates* v. *King,* 110 id. 456.) As the junior mortgagees had, prior to the foreclosure of the senior mortgage, a right of redemp-tion, that could not be cut off by a decree in a proceeding to which they were not parties.

But it is insisted, that while complainants may not have the right to foreclose the senior mortgage, or to foreclose their mortgage as against the purchasers or parties deriving title under the foreclosure of the senior mortgage, they still have the right to foreclose as to all persons whose rights are subor-dinate to their rights, and that the rights of James and wife, the mortgagors, are subordinate, and a foreclosure should have been decreed against them. Undoubtedly a junior mort-gage may be foreclosed upon the equity of redemption, subject to the mere lien of a senior incumbrance, and the purchaser thereunder acquire the equity of redemption. But, as we have seen, after foreclosure of the senior mortgage, and a sale and conveyance of the mortgaged premises, the interest theretofore existing under the senior mortgage and the equity of redemp-tion are merged, and the grantee in such conveyance takes the

5—149 Ill.

fee, subject only to an equitable right of redemption in junior incumbrancers who were not parties to the decree of foreclosure. Nothing remained in such junior mortgagees except a right in equity to redeem, and, upon redemption, to subject the land to the lien of their mortgage.

It is objected that the court erred in admitting in evidence the record of the former foreclosure proceeding, to which appellants were not parties. The evidence was clearly admissible. While it could not have the effect of barring their equitable right of redemption, it was competent to show the foreclosure, and the cutting off of the equity of redemption of the mortgagors.

No discussion of other equities claimed to arise in favor of Walk and Potratz, who are alleged to have purchased relying upon the recitals in the decree cutting off the beneficiaries under the second mortgage, will be necessary.

We are of opinion that the judgment of the Appellate Court affirming the decree of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, dissenting.