# 418    APPELLATE COURTS OF ILLINOIS.

## Peyton R. Chandler and Frank R. Chandler, Co-partners as Chandler & Co., v. Nicholas J. O'Neil, Patrick O'Neil and Delaney & Murphy, a Corporation.

1.  PRIORITIES—*Different Notes Secured by Mortgage.*—The different installments of a mortgage secured by corresponding notes, are to be regarded as so many successive mortgages. Each installment having priority according to its time of becoming due.

2.  PARTIES—*Mortgage Foreclosure.*—The holder of a mortgage, filing a bill to foreclose the same, need not make other mortgagees parties. The right of those whose mortgages have precedence over his, he can not disturb, and his bill will affect the rights of only such subsequent mortgagees as he makes parties to his suit.

3.  SAME—*Suing in Different Capacities.*—A complainant in a suit holding coupon notes and seeking to foreclose the trust deed given to secure the same, is, under the charge in the bill that he is the trustee named therein, also a party to the bill as such trustee.

4.  FORECLOSURE SUIT—*Necessary Parties, etc.*—A trustee in a trust deed is a necessary party to a suit for its foreclosure. Subsequent mortgagees are proper, but not necessary parties.

Foreclosure of a Trust Deed.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

This was a bill to foreclose a trust deed.

The bill was filed by the holder of certain coupon notes only.

The holder of the principal note was not made a party.

A demurrer to the bill was sustained.

The following questions are presented:

1.  Whether the owner or holder of the first two coupon notes are necessary parties to the bill.

2.  Whether the owner or holder of the principal note mentioned in the bill of complaint, is not a necessary party.

3.  Whether the trustee mentioned in the trust deed is not a necessary party.

4.  Whether a bill to foreclose for interest coupon notes,

then due, can properly specifically pray that any decree of sale of said premises, as prayed for in said bill, may direct that such sale be made subject to the lien of the trust deed, for the indebtedness secured by it, other and in addition to the amount found due complainants.

STILLMAN & MARTYN, attorneys for appellants, contended that a partial foreclosure may be had, by any note holder, subject to the continuing lien of the incumbrance foreclosed, for the security of indebtedness thereafter to accrue.   Vansant v. Allmon, 23 Ill. 30; Burnett v. Hoffman, 40 Neb. 569; 58 N. W. Rep. 1134; Weiner v. Heintz, 17 Ill. 259; Mines v. Moore, 41 Ill. 273; Sargent v. Howe, 21 Ill. 148; Kimmell v. Willard's Admrs., 1 Doug. (Mich.) 217.

Interest coupons are in effect promissory notes.   Harper v. Ely, 70 Ill. 581.

Note holders, on default, are under no obligation to declare the entire debt due, but may proceed to foreclose separately.   Bressler v. Martin, 34 Ill. App. 122; 133 Ill. 278.

SULLIVAN & HEALY, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this State the different installments of a mortgage, secured by corresponding notes, may be regarded as so many successive mortgages, each installment having priority according to its time of becoming due.   Schultz v. Plankinton Bank, 141 Ill. 116–121.

The holder of a mortgage, filing a bill to foreclose the same, need not make other mortgagees parties; the rights of those whose mortgages have precedence over his, he can not disturb, and his bill will affect the rights of only such subsequent mortgagees as he makes parties to his suit; they are proper, but not necessary, parties.   Boyer v. Chandler, Supreme Court, Jan'y 20, 1896.

The trustee in a trust deed is a necessary party to a suit for its foreclosure.   Walsh v. Truesdell, 1 Ill. App. 126.

Frank R. Chandler is the trustee, and he is a party to the bill. Being in court as a complainant holding coupon notes and seeking to foreclose the trust deed given to secure the same, under the charge in the bill that he is the trustee named therein, he is also a party to the bill as such trustee. Corcoran v. C. & O. C. Co., 94 U. S. 741; Brasher v. Van Cortlandt, 2 Johns. Ch. 242; Walton's Exrs. v. Herbert, 4 N. J. Eq. 72; Cornell v. Green, 43 Fed. Rep. 105.

The prayer of the bill was proper. Boyer v. Chandler, 160 Ill. 394.

The decree of the Circuit Court sustaining a demurrer to the bill is reversed and the cause remanded.