### Anton Schlatt v. Charles L. Johnson.

1. TRUST DEEDS—*Rights of Holders of Interest Notes Matured.*—The holder of an interest coupon note due is not required to wait until the other notes secured by the trust deed are due before he takes steps to enforce it by foreclosure.

2. SAME—*Decree on Default in Payment of One of the Coupon Notes.*—Where a suit in foreclosure is prosecuted for the non-payment of one in a series of interest notes it is proper to direct, by the decree, that the sale of the premises be made subject to the continuing lien of the trust deed, as security for the remaining interest notes.

Foreclosure of Trust Deed.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 7, 1899.

HARRIS F. WILLIAMS, attorney for appellant.

OSCAR M. TORRISON, attorney for appellee.

The holder of a coupon interest note may foreclose the trust deed securing the same without making the holders of the principal note or the other interest notes parties, and upon such foreclosure it is proper that the decree should direct the sale to be made subject to the continuing lien of the trust deed for the security of the principal note and other coupon interest notes. Boyer v. Chandler, 160 Ill. 394; Chandler v. O'Neil, 62 Ill. App. 418; Van Sant v. Allmon, 23 Ill. 30; Weiner v. Heintz, 17 Ill. 259.

If complainant under his note had a lien prior to the lien of the unmatured principal and other interest notes, the complainant might have objected to a sale subject to the continuing lien of the trust deed as to such other notes, but he may waive such right, and the defendant mortgagor can not question it. Van Sant v. Allmon, 23 Ill. 30; Boyer v. Chandler, 160 Ill. 394; Chandler v. O'Neil, 62 Ill. App. 418.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee, as owner of an overdue coupon interest note, filed his bill to foreclose the trust deed securing said note, being the third in a series of ten interest coupon notes of like amount. The bill prays for a decree of sale subject to the continuing lien of the trust deed for the principal and remaining interest notes thereby secured.

The complainant introduced the interest note in evidence, testified that it was unpaid and that he was the owner before filing the bill; also that he had redeemed the property from sales for taxes and assessments, and made other outlays under the trust deed. No testimony was offered in behalf of appellant. The court found the material allegations of the bill proved; that appellee has a valid lien upon the premises in the trust deed described for the amount found due, subject however, to the continuing lien of the trust deed for the security of the principal and remaining interest notes, together with such other indebtedness as is by the trust deed secured, and a decree of sale was entered accordingly.

Appellant urges that the decree was erroneous in subjecting the premises to the continuing lien of the trust deed for security of the remaining notes, but fails to state wherein the alleged error lies. As is said in Boyer v. Chandler, 160 Ill. 394: "The holder of a note due is not required to wait until the notes secured by the same mortgage are due before he takes steps to enforce his security." In that case the foreclosure was sought as to coupon interest notes, as in this case. The decree directed that the sale of the premises be made subject to the continuing lien of

the trust deed thereon, and it is said that "such decree is clearly recognized by the courts" in such cases.

The trust deed as to any other notes thereby secured is in effect a separate mortgage.    Chandler v. O'Neil, 62 Ill. App. 418.    The bill in this case and the decree thereunder do not affect the rights either of the holders of other notes secured by the trust deed, if any there be, who are not parties to the suit nor of the mortgagor in reference thereto.

We find no error in the decree of the Circuit Court, and it must be affirmed.