(No. 13074.—Decree affirmed.)

BYRON GREGORY, Defendant in Error, *vs.* THE SUBURBAN
REALTY COMPANY, Plaintiff in Error.

*Opinion filed April 21, 1920.*

1. REMOVAL OF CAUSES—*when petition for removal of cause is
properly denied.* A petition for the removal of a cause is properly
denied where it is not on file, properly verified, until the second
day of the return term of the court in which the suit is brought.

2. MORTGAGES—*second mortgagee acquires only an interest in
equity of redemption.* A second mortgagee acquires only an in-
terest in the mortgagor's equity of redemption under the prior mort-
gage, and the purchaser at the foreclosure of the second mortgage
will be presumed to have regulated his bid with reference to the
prior lien.

3. SAME—*first mortgagee is not a necessary party to a suit to
foreclose second mortgage.* In a suit to foreclose a second mort-
gage the first mortgagee is not a necessary party, as the object of
foreclosing a second mortgage is to cut off all claim of right or
interest subsequent to it.

4. SAME—*when first mortgagee cannot be compelled to accept
proceeds of foreclosure sale of second mortgage.* On a foreclosure
of a second mortgage a first mortgagee cannot be compelled to ac-
cept payment from the proceeds of the sale unless his lien has
matured and he appears and consents to the decree.

5. SAME—*lien of first mortgage is not affected by a decree for
foreclosure of second mortgage.* Where a first mortgagee is made
defendant to a bill to foreclose a second mortgage under the gen-
eral allegation that he claims some interest in the premises, and a
decree for foreclosure and sale is entered in the usual form, barring
all defendants of any right or claim, the lien of the first mortgage
will not be affected.

6. CLOUD ON TITLE—*when bill need not allege, in terms, that the
master's deed is void and a cloud on title.* Where a party who has
acquired title to premises from a first mortgagee after foreclosure
files his bill to clear the title and alleges facts showing that a mas-
ter's deed under the foreclosure of a second mortgage is invalid as
against his title and a cloud thereon, it is not necessary that the
deed be alleged in express terms to be void.

7. COSTS—*when plaintiff in error should not be required to pay
damages for delay.* Section 23 of the Costs act, authorizing the
court to order the payment of a sum not exceeding ten per cent of

the judgment if the court is of opinion the writ of error has been prosecuted for delay, will not be applied where the suit is to clear the title to property of which the defendant in error is in possession and no money judgment is involved.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

HOMER ENGLISH, and A. E. & R. C. DEMANGE, for plaintiff in error.

LIVINGSTON & WHITMORE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error was sued out by plaintiff in error to review a decree of the circuit court of McLean county granting the relief prayed in a bill filed by defendant in error to remove a cloud from and quiet title to real estate.

The facts out of which this litigation arises are as follows: The Illinois Savings and Trust Company held a first mortgage on the real estate described in the bill, dated October 2, 1911, to secure a note for $6000, due five years after date, with an option to the mortgagee to declare the principal due for default in payment of interest. A second mortgage or trust deed on the premises was executed September 24, 1913, to B. A. Franklin, trustee, to secure a note for $5000, payable to the maker's order and indorsed to the Suburban Realty Company. The note was by its terms due five years after date, but the privilege was given the owner of the note to declare it due before that time if default was made in payment of interest as it became due. The trust deed to Franklin recited it was made subject to a mortgage to a prior mortgagee given to secure a note for $6000 due October 1, 1916, stating the book and page where it was recorded. October 1, 1915, a bill was filed to foreclose the mortgage or trust deed to Franklin. Complainant was represented by counsel who represent

plaintiff in error in this case. The bill alleged the mortgage indebtedness had become due by reason of default in payment of the interest and taxes on the mortgaged premises. The bill also alleged the Illinois Savings and Trust Company had a first mortgage on the premises. to secure $6000, on which all matured interest had been paid, which was a prior lien to complainant's mortgage or trust deed. The bill prayed for foreclosure and sale, and that in case of sale and failure to redeem therefrom, "the defendants, except the said Illinois Savings and Trust Company, a corporation, whose lien is superior to your orator's, and all persons claiming through or under them," be forever barred. The Illinois Savings and Trust Company was made a defendant to the bill, and answered that it held a first and prior mortgage on the premises described in the bill and that complainant's rights were subsequent and subject to said first mortgage; that said first mortgage note was not due and there had not been any default in the payment of interest, by reason of which said first mortgage was not subject to foreclosure. The answer averred that any decree of foreclosure should be subject to the prior rights of the first mortgagee. A decree was entered for foreclosure and finding the amount due on the note to be $5626.91. The decree found that the allegations of the bill were true as therein stated but made no mention of the prior mortgage of the Illinois Savings and Trust Company, but in the usual form in such cases ordered the premises sold for the payment of the mortgage debt, and that if they were not redeemed, the defendants, and all persons claiming by, through or under them, be barred and foreclosed from all equity of redemption and claim in and to said premises. The premises were sold under the decree by the master in chancery on March 11, 1916, to L. M. Pool for $2200. Pool assigned his master's certificate to plaintiff in error, the Suburban Realty Company, and a master's deed was issued to the assignee June 12, 1917.

The Illinois Savings and Trust Company filed a bill to foreclose its mortgage January 7, 1916. The bill alleged the mortgage indebtedness had become due by reason of default in payment of the interest when it became due and taxes and assessments on the property. The bill further alleged that the trust deed to B. A. Franklin to secure a note for $5000 was subject to complainant's first mortgage, and Franklin and all other parties interested were made defendants. Franklin answered the bill, neither admitting nor denying its allegations, and asked that the complainant be put ·upon strict proof. The answer further averred that the trust deed was being foreclosed, and neither admitted nor denied that the mortgage of the Illinois Savings and Trust Company was a prior lien but asked that complainant be put upon strict proof. The cause was referred to the master, who reported the amount of the principal and interest due on the note to be $6324.90; that there was due complainant for taxes paid on the premises and to redeem from sale $259.32, $46.01 for special assessment paid and $39.60 for insurance. A decree for foreclosure and sale was entered March 11, 1916. The master reported he sold the premises April 15, 1916, to the Illinois Savings and Trust Company for $7646.43, being the amount of debt, interest and costs. The decree of foreclosure finds that the allegations of complainant's bill are true as therein stated and orders the premises sold, and if not redeemed that the defendants, and all persons claiming through or under them, be forever barred. No mention was made in the decree of the second mortgage to Franklin.

On the 25th of July, 1917, the master reported, the premises not having been redeemed, he executed and delivered a deed to the legal holder of the certificate of purchase at foreclosure sale. The deed from the master to plaintiff in error, the Suburban Realty Company, was executed June 12, 1917, and the master's deed to the Illinois Savings and Trust Company was executed July 18, 1917.

The Illinois Savings and Trust Company conveyed the premises to defendant in error, Byron Gregory, who claims to be the owner, and in October, 1918, he filed the bill in this case to quiet and remove cloud from title. The bill alleges that the Illinois Savings and Trust Company and its grantors had been in possession of the premises more than twenty years last past, at the time said company conveyed them to complainant, and since that time he had been in peaceable possession thereof. The bill alleges the foreclosure of the Franklin trust deed, decree for sale and a sale by the master for $2200 to L. M. Pool, who assigned his certificate of purchase to plaintiff in error, and that the master executed a deed June 12, 1917. The bill alleges that pending the foreclosure suit the Illinois Savings and Trust Company filed a bill to foreclose the first and prior mortgage; that B. A. Franklin, trustee, was complainant in the suit to foreclose the second mortgage and was made a party defendant in the suit to foreclose the first mortgage; that the bill to foreclose the trust deed to Franklin alleged the Illinois Savings and Trust Company had a first mortgage which was superior to the lien of the trust deed, and thereafter, under a decree of foreclosure of the first and prior mortgage, the premises were sold to the Illinois Savings and Trust Company by the master and a certificate of purchase issued therefor, and the premises not having been redeemed, a deed was executed to the purchaser July 18, 1917. The bill further alleges that the deed issued under the decree of foreclosure of the second mortgage, or Franklin trust deed, is a cloud on complainant's title; that neither plaintiff in error nor anyone claiming through or under it has any right, title or interest in the premises.

On the 4th day of November, 1918, which was the second day of the return term, a petition was presented to the court by plaintiff in error, whose name was signed by its attorney, one of counsel who had represented complainant in the foreclosure of the second or Franklin mortgage,

representing that plaintiff in error was a Louisiana corporation resident in that State, and praying that the cause be removed to the district court of the United States for the southern district of Illinois. With the petition was presented a bond in the sum of $500, to which the petitioner's name was signed by its attorney who filed the petition and who signed it as security. It was not verified, and on the following day counsel for the petitioner asked and obtained leave of the court to verify it. Thereafter, on the 23d day of November the court denied the petition. The order recites: "Petition for removal denied on the ground that there was no verified petition on file at ten o'clock November 5, 1918, the same being the time defendants were required to plead, as provided by general rule 9a of the practice rules of this court, which provides that the defendant duly served shall plead by ten o'clock A. M. of the second day of the term." Thereafter plaintiff in error filed a demurrer to the bill, alleging as grounds for demurrer that there was no averment the master's deed to the plaintiff in error was invalid and void; that the bill showed on its face the deed was issued in the regular course of judicial procedure pursuant to a decree, and that it conveyed the entire estate in the premises in fee simple; that when the deed was issued to the grantor of defendant in error there was no interest in the premises belonging to the mortgagor which could be sold and conveyed by the master in chancery; that the bill showed on its face the sale and deed of the master to the Illinois Savings and Trust Company was void and that no one had any title to said premises except plaintiff in error. The court overruled the demurrer, and plaintiff in error not answering further, after defaults were entered against non-answering defendants the cause was referred to the master in chancery to take and report the testimony, with his conclusions. The master reported his conclusion, recommending a decree as prayed in the bill. Thereupon the court entered a decree finding that the title

of defendant in error is paramount and complete as against the claims of plaintiff in error under the foreclosure proceeding and master's deed under the Franklin trust deed; that its title under that proceeding was subject to the rights of defendant in error accruing under the foreclosure of the first mortgage, and that by its failure to redeem therefrom all its rights under the master's deed in the foreclosure proceeding of the Franklin trust deed are subject and postponed to the rights acquired by the defendant in error through the foreclosure of the prior mortgage and master's deed thereunder. The decree found the master's deed to plaintiff in error void as against the master's deed to the Illinois Savings and Trust Company, defendant in error's grantor, null and void as against defendant in error, his heirs and assigns and a cloud upon his title, and plaintiff in error and its co-defendants to the bill, their heirs and assigns, were perpetually enjoined from asserting any title or claim as against defendant in error, whose fee simple title was confirmed and quieted. The Suburban Realty Company sued out this writ of error to review the decree.

The errors assigned are the denial of the petition for removal and overruling the demurrer to the bill. The court did not err in denying the petition for removal. *South Park Comrs.* v. *Ayer,* 237 Ill. 211.

We have set out more fully than was perhaps necessary the facts out of which this litigation arises, because of the novelty of the claim of plaintiff in error to an absolute paramount title to that of defendant in error. At the time the bill was filed to foreclose the Franklin trust deed the note of the Illinois Savings and Trust Company was not due, there had been no default in the payment of interest due and no right to foreclose the mortgage then existed. The Franklin bill expressly alleged the Illinois Savings and Trust Company mortgage was a prior lien on the premises, that the Franklin trust deed was subject to it and prayed foreclosure of the Franklin trust deed, and

that in case of sale and failure to redeem therefrom, all defendants "except the said Illinois Savings and Trust Company, a corporation, whose lien is superior to your orator's," be forever barred and foreclosed. As we have said, counsel who filed that bill represent plaintiff in error in this case. The decree for foreclosure under the Franklin bill, presumably drawn by the same counsel who filed the bill, failed to follow the allegations of the bill, although it found they were true as therein stated, by directing that the sale be made subject to the rights and lien of the Illinois Savings and Trust Company under its prior mortgage. Plaintiff in error's contention, therefore, is, that the sale and master's deed under that decree extinguished and barred all right and title through the foreclosure sale under the first mortgage. The interest or estate of the mortgagor in the land when the second mortgage was given was but an equity of redemption, and that was the only estate the second mortgagee acquired an interest in. (*Boone* v. *Clark,* 129 Ill. 466.) In a suit to foreclose a second mortgage the first mortgagee is not a necessary party. The object of foreclosing a second mortgage is to cut off all claim of right or interest subsequent to it. The purchaser at the sale acquires only the mortgagor's equity of redemption, and it will be presumed that he regulated his bid with reference to the prior mortgage and bid only what he considered the premises worth subject to the prior lien. *Dodds* v. *Snyder,* 44 Ill. 53.

It is well to note in this case that the amount found due in the decree foreclosing the second mortgage was $5626.91 and that at the sale the premises were sold for $2200. The situation presented by this case is not one where the bill alleged the interest or claim of the Illinois Savings and Trust Company was subject to the lien of the second mortgage, and the decree specifically so found. No issue was made by the pleadings as to the mortgage of the Illinois Savings and Trust Company being a valid first and prior

lien. That it was, was specifically alleged in the bill to foreclose the second mortgage, and the prayer was that the foreclosure and sale be decreed to be a bar to the rights of all the defendants except the Illinois Savings and Trust Company. The first mortgagee was not called upon to do anything to protect its interest, though it did file a formal answer admitting the allegation of the bill that it held a prior and first mortgage to secure a note for $6000 dated October 2, 1911, due October 1, 1916, on which at that time there had been no default in the payment of interest, and the first mortgage was therefore not subject to foreclosure. On the foreclosure of a second mortgage a first mortgagee cannot be compelled to accept payment from the proceeds of the sale unless his lien has matured and is due and payable, and even then he will not ordinarily be directed to accept payment unless he appears and consents to the decree. (19 R. C. L. sec. 332, p. 530.) The overwhelming weight of authority is that where a first mortgagee is made defendant to a bill to foreclose a second mortgage under the general allegation that he claimed some interest in the premises, and a decree for foreclosure and sale is entered in the usual form of a foreclosure decree, barring all defendants of any right or claim, the lien of the first mortgage will not be affected. (*Strobe* v. *Downer,* 13 Wis. 10; 80 Am. Dec. 709.) The court said in the case cited, the first mortgagee had a right to assume, without answering the bill, that his rights were not to be affected by the proceeding. In an elaborate note to that case will be found a collection of authorities. In *Williamson* v. *Probasco,* 8 N. J. Eq. 571, a first mortgagee was made a defendant to a bill to foreclose a second mortgage. The bill alleged the priority of the first mortgage but the decree barred all defendants of all right or claims. The court held the decree had no effect upon the rights of the first mortgagee; that the rights of the first mortgagee were no more affected by the decree than if it had not been made a party to

the suit to foreclose the second mortgage. Authorities relied on by plaintiff in error to the effect that where land is sold under a valid judgment the debtor's interest is only the right to redeem and is not subject to levy and sale under a subsequent judgment are not in point.

Plaintiff in error, also without argument, asserts that it was the duty of the Illinois Savings and Trust Company to see to it that the decree made provision for the protection of its rights, and having failed to do so was guilty of such *laches* as to bar it from afterwards asserting its rights. This is rather a novel position for counsel to take who represented the plaintiff in error in drawing the bill to foreclose the second mortgage and presumably prepared the decree of foreclosure and sale. Having alleged in the bill that the Illinois Savings and Trust Company's mortgage was a first and prior lien and having prayed a decree of foreclosure protecting its interests, what reason had the first mortgagee for watchfulness? Surely it cannot be charged with *laches* for not suspecting the allegations in the bill as to its prior interest might be used to lull it into a feeling of security which could be taken advantage of by securing the entry of a decree which would entirely defeat the claim and lien of the first mortgagee. The point is too absurd to bear discussion.

We are not disposed, in view of the equities in this case, to give weight to the technical objections made to the sufficiency of the bill, among which we mention the claim that the bill was insufficient because it did not aver the deed alleged to be a cloud on the title of defendant in error was invalid and void. The bill does not so allege in express terms, but the facts alleged in the bill showed the deed of plaintiff in error to be invalid and void as against the title of defendant in error and a cloud upon his title. It was not essential, therefore, that it be alleged in express terms to be void. · There was no error in the chancellor's action in decreeing the relief prayed in the bill.

Defendant in error has filed a motion to assess damages against plaintiff in error on the ground this writ of error was sued out for vexation and delay. Section 23 of the chapter on costs authorizes the court, where the judgment is in whole affirmed, to order the appellant or plaintiff in error to pay the opposite party "a sum not exceeding ten percentum on the amount of the judgment or decree so attempted to be reversed" if the court shall be of opinion the appeal or writ of error was prosecuted for delay. We do not think there was any good reason for prolonging this litigation by suing out this writ of error; but no money judgment is involved and defendant in error is in possession of the land. The motion will therefore be denied.

The decree of the circuit court is affirmed.

*Decree affirmed.*