**Anna Hamalle et al., Appellants, v. Charles H. Kimmel et al., Appellees.**

**Gen. No. 6,898.**

1. Appeal and Error—*when abstract such that appellant cannot question findings as to facts.* Under Appellate Court rule 16, 137 Ill. App. 625, requiring the abstract to be sufficient for a full understanding of the questions presented for decision, an abstract, on appeal from a decree dismissing for want of equity a bill to redeem, which sets out the bill, answer, decree and assignment of errors but omits the order of reference to the master, the evidence taken before him, the report made by him, the objections made by appellants to that report, the ruling of the master thereon, and the

exceptions to said report filed in the circuit court, practically withdraws from the decision of the Appellate Court all the questions of fact and, while a motion to strike the abstract from the files will be denied, appellant will be deprived of any question upon the findings of the court as to the facts.

2. MORTGAGES—*foreclosure of second mortgage.* While a second mortgagee who is not made a party to the foreclosure of the first mortgage could not be cut off by a decree in a proceeding to which he was not a party, he had nothing but a right in equity to redeem and could not proceed to foreclose as if no foreclosure theretofore had been had, and, upon foreclosure of the senior mortgage and a sale and deed pursuant thereto, the equity of redemption in the mortgagor was extinguished and nothing remained that could be sold on foreclosure of the junior security.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1921., Affirmed. Opinion filed February 23, 1922.

LEATON McC. BOGGESS, for appellants.

CHARLES A. KIMMEL, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Peoria county, dismissing for want of equity a bill to redeem, filed by Anna and J. Lee Hamalle. On April 4, 1921, appellee, Charles H. Kimmel, entered his motion herein to strike from the files the abstract of the record and the assignment of errors, in which motion said appellee set out numerous reasons why the motion should be granted. The solicitor for appellants was notified of said motion, but did not cause any more perfect abstract to be filed. We took the motion with the case. The assignment of errors questions, among other things, the conclusion of the court upon the facts. Our rule 16, 137 Ill. App. 625, requires the abstract to be sufficient for a full understanding of the questions presented for decision. This abstract sets out the bill, the answer and the decree, and the

assignment of errors.  It omits entirely the order of reference to the master in chancery, the evidence taken before the master, the elaborate report made by the master, the objections by appellants to that report, the ruling of the master thereon, and the exceptions to said report filed in the circuit court.  This practically withdraws from our consideration all the questions of fact.  We conclude that the motion to strike the abstract from the files should be denied but that appellants should be deprived of any question upon the findings of the court as to the facts.

It remains to consider the questions of law presented by the bill, answer and decree.  The trustees of the Henebery estate owned real estate in Peoria and conveyed the same to Eli R. Wagler, and Wagler and wife executed and delivered to said trustees a note for $5,000 on December 16, 1913, and a mortgage upon said real estate securing said note, and the mortgage was recorded.  On April 5, 1915, the Waglers conveyed their equity in said property to Blanche I. Laukhuf, subject to said mortgage, which Mrs. Laukhuf assumed and agreed to pay.  Said deed was recorded.  Afterwards, on March 30, 1916, Mrs. Laukhuf and her husband executed a note for $2,000 due one year after date, payable to the order of themselves, and secured it by a trust deed upon their equity in said real estate to John Winsor, trustee.  Said trust deed was recorded, and said note was sold and delivered to Lillian Ash.  Default was made in the payment of said $5,000 note, and foreclosure proceedings were begun and the Waglers and the Laukhufs and John Winsor, trustee, were made parties defendant, but Lillian Ash was not made a defendant.  There was a foreclosure decree and a master's sale, and the property was purchased by said trustees of the Henebery estate, and a master's certificate of sale was issued to them, and the trustees assigned said certificate to Charles H. Kimmel on or about October

1, 1919, and at the expiration of the period of redemption he obtained a deed of said premises and the same was filed for record. That foreclosure suit was begun to the January term, 1918, of the circuit court, and the master's sale was June 27, 1918, and the master's deed was about October 1, 1919. Meanwhile, default having been made in the payment of the $2,000 note owned by Lillian Ash, she brought a suit to foreclose the Winsor trust deed securing said note, and that suit was brought to the September term, 1918, and neither the Henebery trustees nor the Waglers were made parties to that foreclosure suit. In that suit a foreclosure decree was rendered December 15, 1918, and the premises were sold by the master on January 13, 1919, to Lillian Ash, and on April 5, 1920, a master's deed was made to Anna Hamalle and J. Lee Hamalle, who had acquired the master's certificate from Lillian Ash. Thereafter, on May 11, 1920, the Hamalles brought this bill to redeem against Charles H. Kimmel and Charles A. Kimmel.

The main question of law presented is the effect upon the first foreclosure proceedings of the fact that the holder of the note secured by the second incumbrance was not made a party defendant. It is conceded by appellants that *Rose v. Walk*, 149 Ill. 60, is against their position. That case is similar to this in the fact that the holder of a note secured by the second incumbrance was not a party defendant in the first foreclosure suit. It was there held that as the junior mortgagee had a right of redemption prior to the foreclosure of the senior mortgage, he could not be cut off by a decree in a proceeding in which he was not a party. But it was also held that the junior mortgagees had nothing but a right in equity to redeem and that the claim made for the second incumbrancers that they could proceed to foreclose their second mortgage as if no foreclosure theretofore had been had was incorrect, and that, upon foreclosure of

SECOND DISTRICT—FEBRUARY, 1922. 13

the senior mortgage and a sale and deed pursuant thereto, the equity of redemption in the mortgage was extinguished and nothing remained that could be sold on foreclosure of the junior security. To the like effect is *Walker v. Warner,* 179 Ill. 16. There was a dissent in each of said cases and this only made it the more certain that the question had been determined after full deliberation. Those decisions have never been reversed. The decree is therefore affirmed, and the motion to strike the abstracts from the files is denied.

*Decree affirmed.*