212

Milton H. Callner, Appellant, *vs.* Samuel Greenberg *et al.* Appellees.

*Opinion filed February 14, 1941—Petition stricken April 2, 1941.*

LEVISOHN & LEVISOHN, for appellant.

MORTON C. CHESLER, MORRIS L. KILMNICK, and B. P. TRAYNOR, (ERNEST A. BRAUN, of counsel,) for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant, Milton H. Callner, filed a complaint in the circuit court of Cook county as a junior mortgagee to redeem from a mortgage sale. The complaint was dismissed for want of equity on motion of appellees. Appeal was taken to the Appellate Court for the First District, where the decree of the circuit court was affirmed. A petition for leave to appeal to this court has been granted.

From the complaint it appears that Samuel Greenberg and Esther Greenberg executed a trust deed in 1926 on certain real estate to secure an indebtedness of $50,000. About the same time a junior trust deed in the sum of $5000 was executed, and appellant is the owner of the note secured by it. The appellees in the case are the Greenbergs, the People's Trust and Savings Bank of Chicago, as trustee under the first trust deed, Wm. G. Murray, the purchaser at the foreclosure sale, and the American National Bank and Trust Company, as trustee under a trust deed executed by Wm. G. Murray, after the sale.

The complaint, in substance, alleges that in the foreclosure proceeding the plaintiffs, although they knew the name and address of the appellant as the holder and owner of the note under the second mortgage, made him a party as an "unknown owner," and caused no service of summons

to be made upon him. The complaint further alleges that the purchaser at the mortgage sale, together with those holding under him, had full knowledge of this fact and conspired with the plaintiffs in the foreclosure suit to make appellant a party in this manner so that he would be bound by the judgment and would have no knowledge of the proceeding to enable him to bid at the foreclosure sale or to redeem from the same under the statute. The foreclosure sale was held in 1933, and Murray was the purchaser at the sale. Appellant's right of redemption under the statute expired in October, 1934, but he did not learn of the foreclosure proceeding until August, 1937. The property was sold for $8500, and appellant, at the time of filing his complaint, tendered said sum, with interest at six per cent, in open court to redeem from said sale.

Appellant contends that the motion to dismiss allowed by the court admits that a fraud was thus perpetrated upon appellant, which would authorize the court to enter a decree permitting redemption to be made by paying the amount of the prior mortgage sale, with interest, or have other relief which would produce substantially the same result. Appellees, on the other hand, contend that, admitting all of the facts set forth in the complaint, it merely shows the plaintiff was not properly served with process in the foreclosure suit, and, therefore, was not a party to the proceedings, and hence, not being a defendant, was not entitled to make a statutory redemption. Appellees further claim that the necessary result would leave appellant in the position of merely having a right of redemption in equity as a person not made a party defendant, which would require appellant to pay the full amount of the first mortgage debt rather than the amount paid at foreclosure sale. In this event, appellant would be required to pay in excess of $50,000 instead of the amount for which the property sold, with interest.

For a service of publication to be binding upon the parties as unknown owners there must be a well directed effort to ascertain the names and addresses of the unknown owners and parties, and inquiry must be as full as the circumstances of the situation will permit. If this is not done the proceeding is not binding upon the parties named as unknown owners. (*Graham* v. *O'Connor*, 350 Ill. 36.) The allegations in the complaint show that plaintiffs had full knowledge of appellant's ownership of the second mortgage security and where he resided, and had frequent business relations with him, and we concur with the Appellate Court in its view that the facts alleged in the complaint were sufficient to show that the process in the foreclosure suit was not binding upon appellant. We think the effect of the admitted facts goes further, and establishes that the plaintiffs in the foreclosure suit and the purchaser, committed a fraud, not only upon the court, but upon the holder of the second mortgage security.

The question to be determined is whether appellees will be permitted to assert that the only effect of their action was to leave the case as though appellant had never been a party, or whether the court, upon appellant's petition, should decree the rights of the parties to be considered as though appellant had been legally made a party so he could redeem within the statutory period, as such.

The law is well settled that equity will not permit a person to derive any benefit from a fraud perpetrated by him. (*Duncan* v. *Dazey*, 318 Ill. 500, 525; *Plenderleith* v. *Glos*, 329 id. 382.) This principle applies to inequitable defenses as well as the maintenance of an action. (Broom's Legal Maxim's (3rd. ed.) p. 207; *Marshall* v. *Holmes*, 141 U. S. 589, 35 L. ed. 870.) Appellant had his election on how he should proceed. In Pomeroy's Equity Jurisprudence, fourth edition, volume 2, page, 1867, the author says: "Wherever an agreement or other like transaction has been

procured by means of a material fraudulent misrepresentation by one of the parties, the other has an election of equitable remedies. The injured party may, at his option, compel the fraudulent party to make good his representation—that is, to carry it into operation in the nature of a specific performance—when it is of such a nature that it can be thus performed; or he may rescind the agreement, and procure the transaction to be completely canceled and set aside." We think the principle applies to fraudulent concealments as well as active misrepresentations. One who is guilty of fraud cannot complain that his victim elected one of two or more remedies available. *Kelly* v. *Allin,* 212 Mass. 327, 99 N. E. 273; *Shuttlefield* v. *Neil,* 163 Iowa, 470, 145 N. W. 1.

If the contention of appellees that appellant must be treated as though he had never been made a party is sound, it would likewise be available to them if appellant had appeared within the one-year redemption period fixed by the statute and redeemed. To permit this would allow the party guilty of fraud to make the election most beneficial to his interests. It requires no citation of authority to establish that the holder of a junior mortgage has substantially different rights when he is a party to the foreclosure of a senior mortgage and when he is not. In the one instance he may redeem for the amount bid at the sale; in the other he is required to pay the full amount of the first mortgage. *Rodman* v. *Quick,* 211 Ill. 546; *Walker* v. *Warner,* 179 id. 16.

In view of these principles has a court of equity power to grant adequate relief? It has been said: "Courts of equity have original, independent, inherent jurisdiction to relieve against every species of fraud. Deeds, obligations, contract of release, judgments or decrees may be instruments to which parties resort to cover fraud * * * but none of such devices or instruments will be permitted by a court of equity to obstruct the requirements of justice."

We have held that where the purchaser at a judicial sale has been guilty of fraud or inequitable conduct, and has prevented the owner of the equity of redemption from redeeming within a statutory time, a court of equity will grant relief. (*Ogden* v. *Stevens,* 241 Ill. 556; *Henderson* v. *Harness,* 184 id. 520.) The principle was recognized in *Woodworth* v. *Sandin,* 371 Ill. 302, but the facts were held insufficient to justify the application of the principle. Analogous to this, in *Palmer* v. *Douglas,* 107 Ill. 204, this court held that where land was sold for a grossly inadequate price, and the purchaser, by misrepresentation, lulled the owner of the equity of redemption into a sense of security until the time of redemption had passed, and that this was done with the knowledge and participation of the assignee of the certificate of purchase, that the principle would be applied to give relief in equity.

In *Bridgeport Savings Bank* v. *Eldredge,* 28 Conn. 556, 73 Am. Dec. 688, a second mortgagee was given the right to redeem premises from a first mortgage sale, although the period of redemption had expired, where the original decree was obtained without service of process upon him; and in *Empire Savings Bank* v. *Silleck,* 98 N. Y. Sup. 561, 73 N. E. 1123, affirmed without opinion in 180 N. Y. 541, the purchaser of property at a foreclosure of the senior mortgage was required to permit redemption by a non-resident junior mortgagee, party to the proceeding, who had not been properly served with process. In *Hodgen* v. *Guttery,* 58 Ill. 431, it was assumed, page 436, that the holder of a junior mortgage who had been improperly served with process had an unquestioned right to redeem from a first mortgage after the statutory redemption period had expired. The principle is recognized in *Thompson* v. *Heywood,* 129 Mass. 401, and in *Huxley* v. *King,* 40 Mich. 73.

The fact that the court, in this case, might have declared the foreclosure proceeding not binding upon ap-

pellant is no reason why he is not entitled to relief in a court of equity merely because it is at a time beyond that within which he could redeem as a defendant properly served with process. Equity gives him the right, as against the fraudulent conduct of appellees, of electing to select any remedy available. A court of equity has power to decree that a wrongdoer shall not enjoy an inequitable advantage by taking away the benefit obtained by fraud, (*Marshall* v. *Holmes, supra,*) and, as against parties participating, void the fraud by placing the parties in *statu quo.* (*Neblitt* v. *McFarland,* 92 U. S. 101, 23 L. ed. 471; *Felt* v. *Bell,* 205 Ill. 213.) At law, it has been held that a knowing beneficiary of a fraud may be held liable with the perpetrator. *Beidler* v. *Crane,* 135 Ill. 92; *Garlick* v. *Imgruet,* 340 id. 136.

In the absence of any showing that innocent purchasers for value have acquired the property, appellant, under the admitted facts in the complaint, was entitled to a decree authorizing him to redeem from the first mortgage sale as though he had made a redemption within the period fixed by statute, and with all the rights accruing to a junior mortgage encumbrancer making redemption. The appellees, by reason of their conduct, are in no position to claim that appellant is in a situation where he must redeem as though he were never a party to the suit. We are of the opinion that the complaint, as amended, stated ground for equitable relief.

The judgment of the Appellate Court for the First District and the order of the circuit court of Cook county are reversed, and the cause is remanded, with directions to overrule defendants' motion to dismiss, and to proceed in a manner not inconsistent with the views expressed herein.

*Reversed and remanded, with directions.*