RAYMOND D. BALDI, Plaintiff-Appellant, *v.* CHICAGO TITLE & TRUST CO., Trustee, *et al.*, Defendant-Appellee.

First District (5th Division)   No. 81—2701

Opinion filed February 25, 1983.

Sheldon Belofsky, of Chicago, for appellant.

Hogan, McNulty & Meyer, of Chicago, for appellee Alfred W. Israelstam.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order denying plaintiff the right to foreclose a junior mortgage prior to redeeming from an earlier foreclosure of a senior encumbrance. Plaintiff contends that the trial court erred in (1) ruling that he had no right to foreclose; and (2) failing to determine the precise amount necessary to redeem from the senior encumbrance.

A promissory note which plaintiff holds is secured by a trust deed to Chicago Title and Trust Co., as trustee (the junior mortgage). At the time the junior mortgage was executed and recorded in 1977, the real estate was encumbered by a prior trust deed, also naming Chicago Title and Trust Co., as trustee (the senior mortgage), which secured a promissory note ultimately held by Alfred W. Israelstam (defendant).

Thereafter, defendant's predecessor in interest commenced an action to foreclose the senior mortgage. Neither plaintiff nor Chicago Title and Trust Co., as trustee, were made parties defendant in that action, although Chicago Title and Trust Co. was named as a defendant and served with process in its corporate capacity. A decree of sale was entered in that proceeding, and defendant herein purchased the property, receiving a sheriff's deed in May 1979.

Subsequently, plaintiff brought the present action, seeking to foreclose his trust deed or, in the alternative, to equitably redeem from defendant.

Plaintiff, the sole witness at trial, testified that he was the holder of a promissory note secured by a junior trust deed, and that he was neither served with summons in the prior foreclosure proceeding nor notified by Chicago Title and Trust Co. that it was a defendant therein. The trial court, taking judicial notice of the pleadings in the prior proceeding which disclosed that plaintiff had not been a party thereto, found that "plaintiff does not have the right to foreclose his

mortgage" and "that plaintiff be and hereby is given within 90 days *** to equitably redeem title." This appeal followed.

OPINION

We first consider the contention of plaintiff that the court erred in ruling that he may not foreclose his trust deed before redeeming from the prior foreclosure.

■ A junior mortgage conveys to the mortgagee a lien on the mortgagor's equity of redemption (*Gregory v. Suburban Realty Co.* (1920), 292 Ill. 568, 127 N.E. 119), and in a foreclosure of the senior encumbrance, the junior mortgagee is a proper party to the action, but his presence is not necessary to a valid decree (*Chandler v. O'Neil* (1895), 62 Ill. App. 418); however, a foreclosure proceeding to which a junior mortgagee is not a party is not binding on him and he retains his right to redeem in equity but may not foreclose his mortgage prior to redemption (*Rose v. Walk* (1894), 149 Ill. 60, 36 N.E. 555; *Hamalle v. Kimmel* (1922), 224 Ill. App. 9), although after redeeming, he may foreclose and have the land sold for satisfaction of his mortgage debt as well as the amount paid in redemption (*Harper v. Sallee* (1941), 376 Ill. 540, 34 N.E.2d 860).

Plaintiff acknowledges the continued validity of these long-established principles, but argues that, under exceptional circumstances this court should allow, as an additional remedy, the right to foreclose without redeeming. He maintains, relying solely upon *Callner v. Greenberg* (1941), 376 Ill. 212, 33 N.E.2d 437, that when a junior mortgagee has been omitted through fraudulent conduct from an action to foreclose a senior encumbrance, he may elect any equitable remedy, including foreclosure.

In *Callner*, senior mortgagees fraudulently prevented the junior mortgagee from learning of their foreclosure proceeding and bidding at the sale. The mortgage debt under the senior mortgage was $50,000, but the purchaser at foreclosure, in collusion with the senior mortgagees, paid only $8,500 for the property. The junior mortgagee learned of the foreclosure after the statutory redemption period had expired, and sought to redeem from the sale rather than from the mortgage debt. The senior mortgagees argued that, since the junior mortgagee was not a party to the foreclosure, he had only his equitable right to redeem by paying the mortgage debt of $50,000, and had no statutory right to redeem from the sale for $8,500.

The court held that, because of the senior mortgagees' fraud, the junior mortgagee had a right to redeem from the sale rather than from the senior encumbrance. The court reasoned that "[e]quity gives

him the right, as against the fraudulent conduct of appellees, of electing to select any remedy available. A court of equity has power to decree that a wrongdoer shall not enjoy an inequitable advantage by taking away the benefit obtained by fraud, [citation] and, as against parties participating, void the fraud by placing the parties in *status quo*." 376 Ill. 212, 218, 33 N.E.2d 437, 440.

It is the position of plaintiff here, as it was in the trial court, that a misrepresentation in the petition filed by defendant in the prior foreclosure proceeding "amounted to a fraud upon the rights of plaintiff" and thus, under *Callner*, he should have been permitted to foreclose without first redeeming from defendant.

In order to establish misrepresentation, plaintiff must show (1) that there has been a false statement of material fact made by defendant; (2) that defendant knew or believed the statement to be false; (3) that defendant intended to induce action by another party; (4) that action in justifiable reliance on that statement occurred; and (5) that injury resulted from reliance thereon. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 402 N.E.2d 599.

In pertinent part, the petition in question asked the court to recognize that the Chicago Title and Trust Co., as trustee of the trust deed plaintiff was seeking to foreclose, and other persons had certain redemption rights that had expired and should be barred. The court entered an order in accordance with the request of petitioner and directed the issuance of a deed conveying the premises in question to defendant. While plaintiff argues that in his petition defendant misrepresented to the court that it had jurisdiction over plaintiff's trust deed, he points to no specific false statement in the petition, and even assuming that there was such a false statement, he makes no showing that any injury resulted from it. Additionally, it would appear that such misrepresentation is negated by the fact that Chicago Title and Trust Co., in its corporate capacity, was a party defendant and presumably had notice that plaintiff's petition asked the court to bar redemption rights it had under plaintiff's trust deed.

■■ Moreover, even if plaintiff had been able to establish a misrepresentation, the remedy he seeks is not within the purview of *Callner*, which was concerned only with the amount to be paid in redemption. There, the court noted that the aggrieved party could select any remedy available, with a view to voiding the fraud by restoring the status quo. Here, even if plaintiff had been a party to the prior foreclosure proceeding, the remedy of foreclosure without redemption would not have been available to him. Thus, if plaintiff were afforded the remedy he seeks, the status quo would not be restored;

rather, he would receive a benefit to which he was not entitled as a junior mortgagee—priority of his lien over the senior encumbrance.

■ Plaintiff further contends, however, that even in the absence of misrepresentation, the better rule would require that a junior mortgagee be made a party to the foreclosure of a senior mortgage. To do otherwise, he maintains, gives inadequate protection to junior mortgagees and purchasers at judicial sales. Plaintiff has not cited, nor has our own research discovered, any cases indicative of such a trend toward a rule contrary to those stated herein; in fact, those rules appear to be generally accepted. (See 59 C.J.S. *Mortgages* secs. 627d, 704b, 813c, 834g (1949 & Supp. 1982).) Moreover, while the doctrine of *stare decisis* is not an inflexible rule prohibiting the reexamination of legal concepts (*Williams v. Crickman* (1980), 81 Ill. 2d 105, 405 N.E.2d 799), a rule of law, once settled, should be followed unless it can be shown that it is likely to give rise to serious detriment prejudicial to the public interest (*Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445). Under the cases cited herein, the rights of junior mortgagees are protected from any inequitable conduct on the part of a senior mortgagee. Furthermore, innocent purchasers are protected by statute (Ill. Rev. Stat. 1979, ch. 77, par. 35a; *Uptown Federal Savings & Loan Association v. Vasavid* (1981), 94 Ill. App. 3d 531, 418 N.E.2d 831) and by Supreme Court Rule 305(i) (73 Ill. 2d R. 305(i)); *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267).

Plaintiff also contends that the order as written precludes him from foreclosing his mortgage even after he has equitably redeemed from the senior mortgage. He maintains that the portion of the order which states "[t]hat Plaintiff does not have the right to foreclose its mortgage" should be modified by adding "until he has equitably redeemed from defendant."

As noted previously, plaintiff may foreclose his mortgage once he has redeemed, and recover not only the mortgage debt but also the amount paid in redemption. (*Harper v. Sallee* (1941), 376 Ill. 540, 34 N.E.2d 860.) However, we do not agree that the order here precludes that right, since "[a] judgment or decree like any other written instrument is to be construed reasonably and as a whole so as to give effect to the apparent intention of the court" (*Pope v. Pope* (1972), 7 Ill. App. 3d 935, 937, 289 N.E.2d 9, 11), and it must be read and construed in connection with the pleadings (*Rice v. Dougherty* (1909), 148 Ill. App. 368) just as, in an analogous situation, orders are interpreted within the context of the motions which accompany them (*Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911).

■ In the instant action, it appears from plaintiff's amended complaint that defendant's mortgage was superior to his own, and that he had not redeemed therefrom following foreclosure of the senior mortgage. He asked therein that he be allowed to foreclose; or, alternatively, that he be allowed to equitably redeem. The trial court's order, then, can refer only to the alternatives for relief prior to redemption. Plaintiff's right to foreclose after redemption was never in issue between the parties, for it was not raised in the pleadings; therefore, we do not believe that the present order can be interpreted to preclude a remedy which plaintiff has not sought.

Finally, plaintiff contends that the court erred in failing to determine the amount he was required to pay in redemption. He does not dispute that when a junior mortgagee excluded from foreclosure proceedings exercises his equitable right of redemption, the amount to be paid includes the amount of the debt, interest thereon to the time of redemption, taxes paid to preserve title, and the cost of necessary repairs, but does not include costs and attorney fees in the prior action. (*Rodman v. Quick* (1904), 211 Ill. 546, 71 N.E. 1087.) Rather, he maintains that the necessity and value of repairs allegedly performed by defendant are in dispute, and he argues that, in the absence of a determination of the amount to be paid, he is unable to exercise his right to redeem.

■ A decree for redemption should include the terms and conditions of redemption, including the amount to be paid and a time period within which redemption is to occur. (*Carpenter v. Plagge* (1901), 192 Ill. 82, 61 N.E. 530.) Here, plaintiff asked in his amended complaint that he be allowed to redeem "after a full and complete hearing with respect to the amount which may be due ***" and he alleged that repairs made by defendants were unnecessary. However, at trial he neither presented evidence on the amount to be paid in redemption nor sought a ruling from the trial court on this question. Therefore, the issue is not properly before us, since the failure to request a ruling (*Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 411 N.E.2d 217) or present evidence on an issue (*In re Estate of Cohan* (1978), 59 Ill. App. 3d 963, 376 N.E.2d 628; *Pannett v. Schnitz* (1977), 50 Ill. App. 3d 128, 365 N.E.2d 191) waives the question for purposes of review.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

WILSON, P.J., and O'CONNOR, J., concur.