ELIZABETH DODDS

*v.*

WILLIAM H. SNYDER *et al.*

1. MORTGAGE — *on two funds.* Where a person takes a mortgage on property a portion of which is incumbered at the time and a portion is not, he thereby acquires the right to satisfy his debt out of the portion not previously incumbered. And this right passes to an assignee of the debt and security. And on a foreclosure he could be compelled to resort for satisfaction, first, to lands upon which the debtor did not reside.

2. SAME — *homestead — subsequent incumbrance.* A person taking a deed of trust on the lot of ground occupied as a homestead by the debtor and also on a tract of land not so situated may resort, for satisfaction of his debt, first, to the land; nor is his right impaired by the debtor subsequently giving a mortgage on the land. The law will not compel the first incumbrancer to advance a thousand dollars to reach the surplus of the homestead before resorting to the land for satisfaction.

3. INCUMBRANCES — *different funds.* The law does not require a person having a lien on two funds, one of which is subject to a lien or incumbrance prior to his, and the other a lien subsequent to his, to remove the incumbrance prior to his, to enable the person holding the lien subsequent to his on the other fund, to obtain satisfaction. If a creditor having a lien on two funds, one of which was a homestead which is indivisible, and the other not subject to a prior lien, the court could not compel him to advance one thousand dollars, and sell the surplus of the homestead; to do so would be to make a new contract.

4. SAME — *equity of redemption.* A person taking a second mortgage on real estate, only acquires a lien on the equity of redemption, and when such mortgage is foreclosed and the property sold, the purchaser only obtains that right. And it will be presumed that such a purchaser regulates his bid with reference to the prior incumbrance, and only gave what it was worth subject to the prior lien.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a suit in equity brought by Elizabeth Dodds, in the Stephenson Circuit Court, against William H. Snyder, Jeremiah J. Piersol and Mary Jane Dodds, to enjoin the sale of eighty acres of land under a decree of foreclosure.

It appears that Samuel F. Dodds in his life-time, on the 11th day of December, 1857, being indebted to Richard H. McGoon, to secure the same, executed a deed conveying block one in the town of Sena, which was then his homestead and still is that of his family, and the W. $\frac{1}{2}$ N. E. $\frac{1}{4}$ of sec. 33, T. 28, R. 6, to Chancelor Martin in trust. That McGoon subsequently assigned the debt and security to Snyder.

That afterward, about the 31st of May, 1859, Dodds and his wife, Mary Jane, executed a mortgage on the eighty acre tract of land, to secure a debt of one thousand dollars, to one Benjamin B. Provost. That Dodds died in May, 1863. That Provost in December of that year foreclosed his mortgage making the widow and heirs, parties. That the land was sold under the decree, and complainant became the purchaser at the sum of $1,332.42, and that she received a master's deed after the redemption expired.

At the September Term, 1865, of the Stephenson Circuit Court, Snyder foreclosed his deed of trust, making the widow and heirs of Dodds parties, and obtained a decree against both tracts of land for $969.20, and for a sale thereof, and required the sheriff to carry the decree into effect. That he advertised the property for sale, but refused to first offer the homestead. It appears that the estate of Dodds was insolvent; also that the homestead is indivisible. It also appears that no defense was made to the suits for foreclosure.

The court below heard the cause on bill, answer, replication, exhibits and proofs, and rendered a decree dissolving the injunction and dismissing the bill. From which complainant has appealed to this court, and assigns for error the rendition of the decree.

Messrs. Burchard, Barton & Barnum, for the appellant.

Mr. David Shean, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

When Samuel F. Dodds executed the deed of trust to secure the payment of the debt he owed McGoon, on the block of ground, and the eighty acres of land, he unquestionably gave the right to sell the land before the homestead should be subjected to its payment. There can be no doubt that the trustee could, and it may be, under the statute which declares the land on which the debtor resides shall be last taken on execution, that under a decree of foreclosure he could have been compelled to, sell that tract first. But as between the parties to the deed of trust, there can be no question that such a right existed, and when Snyder became the owner of the debt to McGoon, and the security, he without doubt succeeded to the same right. As between him and Dodds, and his heirs, he could not, either at law, in equity, or under the contract, have been compelled, before selling the land, to advance $1,000, to subject the block of ground, which was the homestead of Dodds, to sale, before resorting to the land for a satisfaction of the debt. And if he is now compelled to do so, it must be, so far as appears from this record, by reason of acts other than his own, and without his consent. In this he had the prior as well as the superior equity.

The law does not require a person having a lien on two funds, one of which is already incumbered, and the other free, to remove the incumbrance and satisfy his lien out of that fund, because some other person has voluntarily acquired a subsequent lien on the unincumbered fund; it would be inequitable to impose such an obligation. Nor does a different rule prevail, when a party has a mortgage or other lien on a tract of previously unincumbered land, and on the surplus of the homestead tract of the debtor, over $1,000, and another person holds a mortgage on the unincumbered tract. In this case, if the relief asked should be granted, Snyder would be compelled to advance $1,000 before he could sell the homestead, as it appears from the evidence not to be divisible without great injury to the property. The giving of the subsequent mortgage to Provost, did not in any degree alter the rights of Snyder; nor did its foreclosure and the sale of the land. Provost took his mortgage on

the equity of redemption only, subject to all of the rights of the holder of the McGoon debt, and the purchaser under that foreclosure obtained no other or better right.

Appellant purchased the tract of land subject to the prior incumbrance. She no doubt regulated her bid with a view to the prior incumbrance, and only gave what the land was worth, over and above what it was bound for under the deed of trust to secure the McGoon debt. Knowing of that lien, it is by no means probable that she or other bidders would give the full value of the property, and if this is the case, it is not perceived by what means she has an equity to compel other property to bear the just lien then existing upon her own. If she has had the benefit of a reduction of price to the extent of this incumbrance, every principle of justice requires that she should relieve her property from the burthen by the payment of the debt. Having been made a party to the foreclosure suit, and failing to show any equity which should have relieved the tract of land from its original liability, she should be bound by the decree, and especially so, when she has failed in her bill in this case to establish facts which should exonerate the land from this burthen.

Again, if she has equities, they are not superior to those of the widow and family of the deceased, and we have seen that Snyder's are superior to hers. Upon a careful examination of this whole record, we perceive no grounds for granting the relief sought, and the court below committed no error in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*