## Julius H. Stevens, Receiver, et al., v. Abram H. Hadfield.

1. MORTGAGOR—*Owner of the Equity of Redemption—Rents and Profits.*—A mortgagor under a decree and sale in foreclosure is the owner of the equity of redemption during the entire period of redemption, and is entitled to the rents and profits after the complete satisfaction of the mortgage debt.

2. MORTGAGE SALE—*What the Purchaser Takes.*—A purchaser at a mortgage sale takes the estate subject to all prior liens, and is required to know that the mortgagor or owner of the equity of redemption will be entitled to the possession and rents of the premises, pending the running of the period of redemption.

**Bill of Foreclosure.**—Trial in the Circuit Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Hearing and decree; appeal from an order affirming in part the receiver's account. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 26, 1898.

### STATEMENT.

On June 15, 1894, a bill was filed by Fleming et al. against Shutterly et al., to foreclose a trust deed upon certain improved property in Cook county. Appellee was the owner

of the equity of redemption, and was made a party defendant. An order was entered in the cause appointing appellant Julius H. Stevens receiver of the premises, with the usual powers of receivers in such cases. A decree of sale was entered on November 13, 1895, and the premises were sold. There was a deficiency and a decree for same. Appellant Charles B. Eggleston purchased at the foreclosure sale, and after period of redemption received a deed.

The receiver remained in possession and collected rents during the period of redemption. There were two other incumbrances, evidenced by trust deeds upon the property, one prior and one subsequent to the trust deed upon which suit was brought. The third trust deed secured an indebtedness due F. P. Burgett, and on February 25, 1896, a bill was filed by him, which was consolidated with this cause. An intervening petition was filed by Eggleston on October 20, 1896, setting up that he had purchased the premises at master's sale; that the receiver had made his report on April 20, 1896, showing disbursements of $3,735.54; that objections were filed to the report by Burgett and Hadfield; that Hadfield had purchased the premises, and as part of purchase he assumed and agreed to pay the various incumbrances thereon; that any sums paid by the receiver upon interest due on the first mortgage, if held by the court to have been improperly paid, should be ordered paid to petitioner and not to Hadfield, by reason of the assumption of said first mortgage debt by Hadfield, and praying that the petition be referred to the master in chancery to whom the receiver's accounts and report had been referred. The petition was so referred, and on March 5, 1896, the master made his report, in which he states that a warranty deed was introduced in evidence, dated March 1, 1894, from Shutterly to Hadfield, conveying premises in question, and by which Hadfield, the grantee, assumed and agreed to pay incumbrances, including the trust deed of $20,000, which was the first lien. The master found that the receiver had collected $3,421.76, and properly disbursed $3,189.60, and that the balance in his hands of $232.16 should be paid to Abraham H. Hadfield, the owner of the equity of redemption.

An order was entered by the court upon April 5, 1897, approving the receiver's account in part, allowing some of the items of disbursement and disallowing others. The order concludes as follows: "The court further finds that the total sum collected by the receiver as the revenue from said premises, is the sum of $3,421.76. Deducting above payments allowed, leaves balance of $1,882.16. It is further ordered that the above balance of $1,882.16 be held for the further consideration of the court."

Afterward, on May 25, 1897, Hadfield, appellee, filed his petition in said cause, setting forth that he was the owner of the equity of redemption from the time of the foreclosure sale until the expiration of the period of redemption; that the deficiency had been paid and the deficiency decree satisfied, and praying that the receiver be ordered to pay to petitioner the balance which had been found by the court on April 5, 1897, to be in his hands. Stevens, the receiver, and Fleming, answered the petition. The substance of the answers was to re-assert the propriety of the receiver's disbursements, which had been passed upon and disallowed by the order of April 5, 1897.

On September 3, 1897, the court entered an order finding that Hadfield was the owner of the equity of redemption, and as such was entitled to the balance of rents and profits, and directing that the balance in the hands of the receiver be paid to Hadfield, less $50 allowed for costs "of this proceeding." From this order Stevens, receiver, and Eggleston, the purchaser at the foreclosure sale, appeal.

JONES & STRONG, attorneys for appellants.

JAMES FRAKE and B. W. ELLIS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The order of April 5, 1897, by which the various items of the receiver's report were passed upon by the court and allowed or disallowed, and by which a balance of $1,882.16 was decreed to be in the hands of the receiver, subject to

the further order of the court, was final. So far as the record discloses, neither of appellants was dissatisfied with this decree. No appeal was taken from it. There then remained nothing but the distribution of the fund, so decreed to be in the hands of the receiver. It is the order of distribution from which this appeal is prosecuted. By that order the fund is decreed to appellee, Hadfield. In this there was no error. Appellee was the owner of the equity of redemption during the entire period of redemption, when this fund accrued from rents and profits. He was entitled to such rents and profits after the complete satisfaction of the mortgage debt, which was foreclosed. That debt was completely satisfied when the deficiency decree was paid, and the balance remaining was properly decreed to appellee. Davis v. Dale, 150 Ill. 239.

Appellant Stevens has no rights as to this fund, for his rights were finally disposed of by the decree of April 5, 1897. Appellant Eggleston has no claim to the fund by reason of his being purchaser at the foreclosure sale. He took the estate subject to all prior liens, and he was required to know that the mortgagor, or owner of the equity of redemption, would be entitled to the possession and rents of the premises pending the running of the period of redemption. Davis v. Dale, *supra*.

The cross-errors assigned are as to that part of the decree which appropriates $50 of the fund in the hands of the receiver to payment of costs of the proceeding, and to the refusal of the court to order interest paid upon the sum in the hands of the receiver.

In neither respect do we think that appellee can complain. The order as to costs in a chancery proceeding is within the discretion of the chancellor. There is no equitable reason why the receiver should be charged with interest. The delay between the settling of his account and the order of distribution is not to be imputed to any fault upon his part.

The decree is affirmed.