## Charles B. Eggleston and James P. Mallette v. Abram H. Hadfield.

1. MORTGAGES—*Purchaser at a Foreclosure Sale Under a Second Mortgage.*—A purchaser of premises at a foreclosure sale under a second mortgage has no right of recovery either at law or in equity against a grantee of the equity of redemption who has assumed to pay the amount secured by the prior mortgage.

2. SAME—*Rights of a Purchaser at a Foreclosure Sale Under a Second Mortgage.*—A purchaser at a foreclosure sale under a second mortgage takes the estate subject to all prior liens and is bound to know that the mortgagor or owner of the equity of redemption will be entitled to the possession and rents of the premises during the running of the period of redemption.

3. SAME—*What a Purchaser at a Foreclosure Sale Under a Second Mortgage Acquires.*—The purchaser at a foreclosure sale under a second mortgage acquires an interest in the equity of redemption only, and presumably bids no more than the premises are worth in excess of the amount secured by the prior mortgage.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 21, 1900.

**Statement.**—This is an appeal from a decree sustaining a demurrer to a bill in equity in which the appellants, Charles B. Eggleston and James P. Mallette, were complainants, and Abram H. Hadfield and Julius H. Stevens were defendants. The bill contains, in substance, the following :

June 13, 1894, William Fleming filed a bill against John J. Shutterly, Abram H. Hadfield and others, to foreclose a mortgage of certain premises in Cook county (described in present bill), which mortgage was made to secure a note for $5,535, on which payments had been made reducing said amount to $3,600. Such proceedings were had in said suit that December 11, 1894, the mortgaged premises were sold and purchased by appellant Eggleston for $3,800, leaving a deficiency of $227.64 on the decree, for which a deficiency decree was rendered December 24, 1894. There was a trust deed of the premises, prior to the one foreclosed, to secure payment of $20,000, which was owned by Annie E. Jordan. Appellants were partners, and appellant Eggleston purchased the premises for the use and benefit of both appellants. October 8, 1894, Julius H. Stevens was appointed receiver of the premises, and qualified and acted as such until the expiration of the time for redemption. The premises were not redeemed from the sale, and appellant Eggleston received a deed of the premises from the master, and became the owner thereof, for the use and benefit of appellants, subject to said prior trust deed. Prior to the commencement of said foreclosure suit, the defendant Hadfield purchased said premises, which were conveyed to him by warranty deed, in and by which deed he assumed and agreed to pay, as part of the consideration for the premises, the sum of $20,000 secured by the prior trust deed, the sum of $5,535 secured by the foreclosed mortgage, and all taxes accruing, due after March 1, 1894. Stevens, receiver, collected rents of the premises due from October 1, 1894, until

the expiration of the time for redemption, amounting to $3,421.76. April 20, 1896, the receiver filed his report of receipts and disbursements, etc., to which objections were filed by defendant Hadfield and one Burgett, and, September 3, 1897, an order was entered finding a balance of $1,882.16 in the hands of the receiver, less $50 allowed as costs, and directing said balance to be paid to defendant Hadfield, which order was, on appeal, affirmed by the Appellate and Supreme Courts. The receiver's accounts, except the payment of $1,750, interest on the amount secured by the prior trust deed, and of $702.15 taxes, were approved. The total amount disbursed by the receiver was $3,991.69, which was $569.93 more than he collected. Complainants were sureties on the receiver's bond, and bound to provide for said balance of $1,882.16 in case it should be determined that the receiver was bound to restore the moneys advanced by or through him for interest and taxes.

Aaron B. Mead was trustee in the prior trust deed to secure payment of $20,000, and had threatened to foreclose if interest was not paid, and interest to the amount of $1,750, and taxes to the amount of $702.15, had been paid. Hadfield, who, by the terms of the warranty deed to him, had assumed to pay interest and taxes, had failed so to do, and complainants advanced a deficiency of $569.93 to the receiver to pay the same, for the benefit of Hadfield. In case the balance of $1,882.16 shall finally be ordered paid to Hadfield, complainants will be obliged to pay the same, the receiver being unable to do so. Hadfield is a non resident of this State, is insolvent, and has no property in this State, and complainants can not be reimbursed for moneys advanced as stated, or which may be by them advanced, unless the receiver be enjoined from settling with or paying any moneys to Hadfield. It was Hadfield's duty to pay the interest due by the terms of the prior trust deed, and Eggleston purchased the premises supposing the interest, amounting to $1,750, and the taxes, had been rightfully paid, and complainants are entitled to be subrogated to Hadfield's rights.

February 4, 1898, said premises were sold to Annie E. Jordan, by virtue of a decree of foreclosure rendered on a bill filed July 14, 1897; the time for redemption has expired and a deed has issued to said Annie E. Jordan.

Prays for an answer, for an accounting between Stevens, the receiver, and Hadfield, and that Stevens may be enjoined from paying to Hadfield any money in his hands, etc.

N. M. JONES, attorney for appellants.

B. W. ELLIS & SON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The theory of the complainants' bill is, apparently, that they, having become the purchasers of the mortgaged premises at the foreclosure sale, under the decree of foreclosure of the second mortgage, had the right to advance money to Stevens, the receiver, to pay the interest on the amount secured, to be paid by the prior mortgage, or trust deed, and taxes on the premises, and that Hadfield having, by acceptance of the warranty deed from the owner of the equity of redemption to him, assumed and agreed to pay the sums secured to be paid by the trust deed and the mortgage, they are entitled to be subrogated to the right of Hadfield, as the owner of the equity of redemption, to any money in the hands of the receiver equitably due to Hadfield. They also seem to claim some right in the premises by reason of their being sureties on the bond of the receiver. We are aware of no authority for the proposition that a purchaser of premises at a foreclosure sale under a second mortgage, has any right of recovery either at law or in equity against a grantee of the equity of redemption, who has assumed to pay the amount, payment of which is secured by the prior mortgage. The indebtedness of the party so assuming is to the prior mortgagee.

In Stevens v. Hadfield, 76 Ill. App. 420, in which case appellant Eggleston was a party, and claimed the funds in the hands of receiver Stevens, on the ground that he was a purchaser of the premises at the foreclosure sale, and that

Hadfield had assumed payment of the prior incumbrance, the court held:

" Appellant Eggleston has no claim to the fund by reason of his being a purchaser at the foreclosure sale. He took the estate subject to all prior liens, and he was required to know that the mortgagor, or owner of the equity of redemption, would be entitled to the possession and rents of the premises pending the running of the period of redemption."

Receiver Stevens and Eggleston appealed from the judgment of this court, and the Supreme Court affirmed the judgment. Stevens v. Hadfield, 178 Ill. 532.

The purchaser of premises at a foreclosure sale under a second mortgage, acquires an interest in the equity of redemption only, and presumably bids no more than the premises are worth in excess of the amount secured by the prior incumbrances. Dodds v. Snyder, 44 Ill. 53.

Complainants, by voluntarily advancing money to the receiver to pay interest and taxes, acquired no rights as against appellee Hadfield.

The decree will be affirmed.