HERITAGE FEDERAL CREDIT UNION, Plaintiff-Appellant, v. JOSEPH M. GIAMPA *et al.*, Defendants-Appellees.

Second District No. 2—92—1125

Opinion filed October 6, 1993.—Rehearing denied November 15, 1993.

R. Terence Kalina and Donna B. Wallace, both of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Andrew B. Spiegel, of Wheaton, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Heritage Federal Credit Union, appeals the trial court's dismissal of its suit to foreclose a first mortgage on property that defendant, Joseph Giampa, purchased at a sheriff's sale that followed a successful suit by Harris Bank Roselle (the Harris suit) to foreclose a second mortgage on the property. (See generally 735 ILCS 5/15—1501 *et seq.* (West 1992).) The trial court held that because plaintiff took no action after becoming a party to the Harris suit, it waived its priority and was properly barred from a later suit to foreclose its mortgage.

On appeal, plaintiff argues the trial court erred in holding that the judgment on the second mortgage cut off plaintiff's prior interest in the property. We agree, reverse the judgment, and remand the cause for further proceedings.

Plaintiff's first mortgage on the subject property was duly recorded in August 1987. Harris Bank's second mortgage was duly recorded in September 1989.

On September 20, 1990, Harris obtained a judgment of foreclosure of its second mortgage. On January 3, 1991, plaintiff, which was not originally named as a party to the suit, filed an appearance. On June 18, 1991, defendant bought the property at a court-ordered public foreclosure sale. On June 26, 1991, he obtained a sheriff's deed to the property.

Between the time it appeared and the end of the Harris suit, plaintiff took no action in the Harris suit. On June 26, 1991, at a hearing to confirm the sheriff's sale, plaintiff's counsel appeared in court, and plaintiff received leave to file whatever pleadings it deemed appropriate. Defendant served plaintiff (among others) with a copy of his motion for an order requiring the payment of all real estate taxes; the court later granted this motion without any objection from plaintiff. Plaintiff later received notice of defendant's July 26, 1991, motion to secure possession of the subject premises and defendant's August 1, 1991, motion to compel the sheriff to turn over the remaining proceeds of the sale to defendant, pursuant to an agreed order. Plaintiff took no action with regard to either motion. The court granted both motions.

On October 21, 1991, plaintiff filed its complaint to foreclose its first mortgage on the subject property, naming defendant and any unknown owners as defendants. Defendant responded with a motion to dismiss the suit, arguing that plaintiff, by taking no action in the Harris suit to protect its interest in the property, had waived its first lien. The trial court agreed with defendant, dismissed the suit, and denied plaintiff's motion to reconsider. Plaintiff timely appealed.

Plaintiff argues that because its interest in the subject property was superior to the second mortgage involved in the Harris suit, that suit could not affect plaintiff's rights in the property. Defendant argues that once plaintiff decided to intervene in the Harris suit, plaintiff was required to take action to protect its rights in the property and was properly found to have waived those rights by its inaction.

■ We believe that long-settled case law favors plaintiff. A suit to foreclose a junior mortgage can cut off only rights or claims of interest *subsequent* to the interest asserted. (*Gregory v. Suburban Realty Co.* (1920), 292 Ill. 568, 575; *Dodds v. Snyder* (1867), 44 Ill. 53, 55-56.) A second mortgagee acquires a lien on the mortgagor's equity of redemption. (*Boone v. Clark* (1889), 129 Ill. 466, 482; *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 31.) The purchaser

at the foreclosure sale takes title under the decree and not under the trust deed. (*Powell v. Voight* (1932), 348 Ill. 605, 609.) The purchaser takes title to the property subject to all prior liens and encumbrances. *Powell*, 348 Ill. at 609; *South Side Bank & Trust Co. v. Sherlock Homes, Inc.* (1955), 6 Ill. App. 2d 138, 141-42.

Applying these principles here, we agree with plaintiff that Harris Bank Roselle's suit to foreclose its second mortgage could not cut off plaintiff's prior interest in the property. Defendant purchased the property subject to plaintiff's first mortgage. Whether plaintiff intervened in the Harris suit or took any action thereupon is simply irrelevant. The Harris suit could not have affected plaintiff's interest in the property, and plaintiff's failure to take action in the suit thus cannot reasonably be construed as a waiver of its superior right. To hold otherwise would grant defendant a windfall contrary to established case law.

*Mid-America Federal Savings & Loan Association v. Liberty Bank* (1990), 204 Ill. App. 3d 995, on which defendant principally relies, does not hold otherwise. In *Mid-America*, the court held only that, in a suit by a first mortgagee, a second mortgagee could waive its interest in the property by failing to take appropriate action, with the result that the suit cut off the second mortgagee's rights in the property without affecting those of the third mortgagee, which did not fail to assert its rights. A suit by a first mortgagee requires a junior mortgagee to protect its rights or lose its priority among holders of interests inferior to the first mortgage. From this it does not follow that a suit by a *second* mortgagee requires a *first* mortgagee to take similar action to protect its superior interest.

Because the trial court erred in dismissing plaintiff's complaint, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and DOYLE, J., concur.