2020 IL App (2d) 200033-U
No. 2-20-0033
Order filed August 19, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., f/k/a Harris N.A., | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CH-374 |
| AUGUST H. ROEPKE, Individually; AUGUST H. ROEPKE, as Trustee Under the August H. Roepke Declaration of Trust, dated October 31, 2006; B.J. APARTMENT RENTALS, L.L.C.; CRESTVIEW PROPERTY ASSOCIATION OF HARTLAND, INC.; CITY OF WOODSTOCK; UNKNOWN BENEFICIARIES OF THE AUGUST H. ROEPKE REVOCABLE DECLARATION OF TRUST DATED OCTOBER 31, 2006; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| (B.J. Apartment Rentals, L.L.C., Defendant-Appellant). | ) ) ) ) | Honorable Suzanne C. Mangiamele, Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Zenoff and Hudson concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The defendant's argument that the plaintiff's first mortgage was extinguished in a prior foreclosure action was without merit and therefore the trial court properly denied the defendant's motion to dismiss the current foreclosure action.

¶ 2     The defendant, B.J. Apartment Rentals, L.L.C. (B.J. Apartment), appeals from the trial court's denial of its motion to dismiss the complaint for foreclosure filed by the plaintiff, BMO Harris Bank, N.A. (BMO), and the trial court's granting of BMO's motion for summary judgment on the complaint. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     BMO held two mortgages on a parcel of property located at 5015 Brockham Court, in Woodstock. The first mortgage was executed on December 22, 2010, by August H. Roepke, as trustee under the August H. Roepke Revocable Declaration of Trust, dated October 31, 2006 (Roepke Trust). The mortgage was recorded in McHenry County on December 23, 2010 (recording number 2010R0059556), and secured a note of $76,000. The second mortgage was executed on October 26, 2011, by Roepke, as trustee of the Roepke Trust. That mortgage was recorded in McHenry County on November 10, 2011 (recording number 2011R0045572), and secured an equity line of credit in the amount of $100,000.

¶ 5     On October 13, 2016, BMO filed a foreclosure suit (the 2016 foreclosure action) to foreclose on the second mortgage based on a default in payment since May 2016. It was docketed in the circuit court of McHenry County as case no. 16-CH-838. On March 29, 2017, a judgment of foreclosure and sale was entered. On October 31, 2017, a judicial sale of the property was held. B.J. Apartment was the successful bidder at the sale. It paid $165,000 for the property and was issued a judicial sale deed. Following the sale there were surplus funds of about $50,000, which were turned over to Roepke's bankruptcy trustee. The trial court confirmed the sale on December 5, 2017.

¶ 6    Subsequently, on May 23, 2018, BMO filed the present foreclosure action based on a default in payment as of September 2016 on the first mortgage.  BMO named B.J. Apartment as a defendant because it was the owner of the property.  BMO also named as defendants: Roepke (individually and as trustee of the Roepke Trust), Crestview Property Association of Hartland Inc. (Crestview), the City of Woodstock (Woodstock), unknown beneficiaries of the Roepke Trust, and unknown owners and non-record claimants.  On April 3, 2019, B.J. Apartment filed an answer to the complaint.

¶ 7    On August 22, 2019, BMO filed a motion for summary judgment under section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2018)); a motion to dismiss the unknown beneficiaries of the Roepke Trust and the unknown owners and non-record claimants as defendants; and a motion for default judgment against Roepke, Roepke as trustee under the Roepke Trust, Crestview, and Woodstock.  In support of its motion for summary judgment, BMO submitted an affidavit from one of its employees, Kim Steinmetz.  In Steinmetz's affidavit, she averred that she was BMO's record custodian and was familiar with the business records that were made in the regular course of its business with respect to the December 2010 mortgage and note. Based on those documents, Steinmetz averred that BMO had not received all of the payments that it was due pursuant to the terms of that mortgage agreement.

¶ 8    On October 17, 2019, after substituting counsel, B.J. Apartment moved to withdraw its answer and to file a motion to dismiss instead.  The trial court denied the motion to withdraw the answer, but subsequently allowed the motion to dismiss to be filed as a response to BMO's motion for summary judgment.

¶ 9    On October 23, 2019, B.J. Apartment filed its motion to dismiss the foreclosure complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), arguing that the action was

barred by the 2016 foreclosure action based on the doctrine of *res judicata*. B.J. Apartment asserted that *res judicata* barred not only what was decided in a previous suit, but also what could have been decided, namely, foreclosure on the first mortgage. B.J. Apartment also asserted that, when it purchased the property at the foreclosure sale on the junior lien, it took the property free of all other liens. In support of this assertion, B.J. Apartment cited the following language contained in the judgment of foreclosure and sale:

> "Upon the expiration of reinstatement and redemption rights, the Sale Officer, upon evidence of the confirmation of sale and payment *** shall execute and deliver to the holder of the certificate of sale *** a deed sufficient to convey title, *and said conveyance shall be an entire bar to all claims of any party hereto and any and all persons claiming hereunder ***.*" (Emphasis added.)

B.J. Apartment argued that since BMO was a party in the foreclosure on the second mortgage, all its liens and rights were adjudicated in that proceeding, including any rights on the first mortgage. B.J. Apartment acknowledged the general rule that foreclosure of junior lien rights did not extinguish senior lien rights but argued that the rule was not applicable because BMO was the holder of both liens.

¶ 10    On December 17, 2019, following a hearing, the trial court denied B.J. Apartment's motion to dismiss, granted BMO's motion for summary judgment, and entered a judgment of foreclosure and sale. The trial court also entered findings under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its orders. The trial court also dismissed the unknown beneficiaries of the Roepke Trust and unknown owners and non-record claimants from the suit, and entered a default judgment, for failure to appear, against

Roepke, the Roepke Trust, Crestview and Woodstock.  Thereafter, B.J. Apartment filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, B.J. Apartment argues that the trial court erred in denying its motion to dismiss and granting BMO's motion for summary judgment.  Our review of the trial court's grant of summary judgment is *de novo*.  *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).  "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.*; see 735 ILCS 5/2-1005(c) (West 2018).

¶ 13    Further, "section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2018)), provides that an action may be dismissed if the cause of action is barred by a prior judgment."  *Deutsche Bank National Trust Co. v. Bodzianowski*, 2016 IL App (3d) 150632, ¶ 16. We review *de novo* the trial court's decision to grant or deny a motion under section 2-619.  *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).  When reviewing a section 2-619 motion to dismiss, we "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party" and take as true all well-pleaded facts and reasonable inferences derived therefrom.  *Id.*

¶ 14    B.J. Apartment first argues that the trial court erred in denying its motion to dismiss because BMO's complaint to foreclose on its 2010 mortgage was barred by the prior judgment of foreclosure in the 2016 foreclosure action and by sections 15-1501(f) and 15-1506(i) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501(f), 15-1506(i) (West 2018)). B.J. Apartment relies on the following provision in the judgment of foreclosure and sale in the

2016 foreclosure action: "said conveyance shall be an entire bar to all claims of any party hereto and any and all persons claiming hereunder." B.J. Apartment also relies on section 15-1501(f) of the Foreclosure Law, which states:

> "(f) Separate Actions. Any mortgagee or claimant, *other than the mortgagee who commences a foreclosure*, whose interest in the mortgaged real estate is recorded prior to the filing of a notice of foreclosure in accordance with this Article but who is not made a party to such foreclosure, shall not be barred from filing a separate foreclosure (i) as an intervening defendant or counterclaimant in accordance with subsections (d) and (e) of Section 15-1501 if a judgment of foreclosure has not been entered in the original foreclosure or (ii) in a new foreclosure subsequent to the entry of a judgment of foreclosure in the original foreclosure." (Emphasis added.) 735 ILCS 5/15-1501(f) (West 2016).

Further, B.J. Apartment cites section 15-1506(i) of the Foreclosure Law, which provides that "[u]pon the entry of the judgment of foreclosure:" (1) "all rights of a party in the foreclosure *** shall be terminated upon confirmation of a judicial sale" (*id.* § 15-1506(i)(1)) and (2) "the rights *** of all persons made a party *** shall be solely as provided for in the judgment of foreclosure" (*id.* § 15-1506(i)(2)). B.J. Apartment asserts that BMO was a party to the 2016 foreclosure action and that, pursuant to the above provisions of the judgment of foreclosure and the Foreclosure Law, all of BMO's interests in the property, including the first mortgage, were necessarily extinguished in that action.

¶ 15    Statutory interpretation of the provisions of the Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2018)), presents a purely legal issue subject to *de novo* review. *First Bank of Highland Park v. Sklarov*, 2019 IL App (2d) 190210, ¶ 22. In construing a statute, our task is to "ascertain and give effect to the legislature's intent." *Id.* ¶ 23. The best indicator of the legislature's intent

is the plain language of the statute. *Id.* In construing a statute, we avoid an interpretation which would render any part meaningless or conflict with the expressed intent, and we presume the legislature did not intend an absurd, inconvenient, or unjust result. *Solon v. Midwest Medical Records Association*, 236 Ill. 2d 433, 440-41 (2010).

¶ 16    In the present case, we find B.J. Apartment's argument to be without merit. The judgment of foreclosure and sections 15-1501(f) and 15-1506(i) must be read in light of section 15-1501(a) of the Foreclosure Law, which states that "any disposition of the mortgaged real estate shall be subject to (i) the interests of all other persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure." See 735 ILCS 5/15-1501(a) (West 2018). Accordingly, sections 15-1501(f) and 15-1506(i) necessarily refer to the interest at issue in a foreclosure action or claims of interest subsequent to the interest asserted. Here, BMO's first mortgage was not involved or subject to adjudication in the 2016 proceedings to foreclose on its second mortgage. In the 2016 foreclosure action, BMO identified the lien being foreclosed as its second lien, the October 26, 2011, mortgage in the amount of $100,000. Nowhere in the complaint did BMO mention its first mortgage as an interest being foreclosed or terminated in the course of the 2016 foreclosure proceedings. Moreover, B.J. Apartment's argument goes against well-settled case law that a buyer at a judicial foreclosure sale takes the property subject to all prior liens and encumbrances. *Midwest Bank & Trust Co. v. U.S. Bank*, 368 Ill. App. 3d 721, 727 (2006). Accordingly, BMO was not barred by the 2016 foreclosure action or sections 15-1501(f) and 15-1506(i) of the Foreclosure law from pursuing the present foreclosure suit on its first mortgage.

¶ 17    Our determination is supported by our decision in *Heritage Federal Credit Union v. Giampa*, 251 Ill. App. 3d 237 (1993). In that case, Heritage Federal Credit Union (Heritage) recorded a first mortgage on a property in August 1987. Harris Bank (Harris) recorded a second

mortgage on the same property in September 1989. *Id.* at 238. Harris foreclosed on its second mortgage (the Harris suit) and the defendant, Joseph Giampa, purchased the property at a sheriff's sale. While Heritage was not named as a party in the Harris suit, it filed an appearance but took no other action. *Id.* Heritage later initiated a foreclosure suit on its first mortgage. Giampa moved to dismiss, arguing that Heritage had waived the priority of its lien by taking no action after it filed an appearance in the Harris suit. The trial court granted the motion to dismiss. *Id.*

¶ 18    On appeal, this court reversed that decision. We noted well established case law holding that "a suit to foreclose a junior mortgage can cut off only rights or claims of interest *subsequent* to the interest asserted," and that a purchaser at a foreclosure sale "takes title to the property subject to all prior liens and encumbrances." (Emphasis in original.) *Id.* Applying those principles, this court held that whether Heritage took any action in the Harris suit as to its first mortgage was irrelevant and that Giampa purchased the property subject to Heritage's first mortgage. *Id.* at 239. This court stated that "[t]he Harris suit could not have affected [Heritage's] interest in the property, and [Heritage's] failure to take action in the suit thus cannot reasonably be construed as a waiver of its superior right." *Id.*

¶ 19    Similarly, in the present case, BMO's failure to pursue its interest on the first mortgage in the 2016 foreclosure action cannot be construed as a waiver of its first mortgage. In the 2016 foreclosure complaint, BMO identified only its second mortgage as the interest being foreclosed. BMO's first mortgage was not before the court for adjudication. In this case, just as in *Heritage*, merely because BMO was a party to the 2016 foreclosure action does not mean that it waived its interest in the first mortgage. B.J. Apartment distinguishes *Giampa* on the basis that Heritage was not the holder of both mortgages in that case. This is a distinction without a difference as *Giampa* clearly holds that the failure of a mortgagee to assert its senior interest in the foreclosure of a junior

lien does not result in a waiver of its senior interest. B.J. Apartment has not cited any authority, nor could we find any, that supports the assertion that this result should be different if there is a third-party purchaser and the same mortgagee holds both the junior and senior interest.

¶ 20    B.J. Apartment next argues that the trial court erred in granting summary judgment and denying its motion to dismiss because the present foreclosure action is barred by the doctrine of *res judicata*. Section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2018)) incorporates the doctrine of *res judicata* and allows a trial court to dismiss an action on the grounds that it is barred by a previous judgment. *Marvel of Illinois, Inc. v. Marvel Contaminant Control Industries, Inc.*, 318 Ill. App. 3d 856, 863 (2001). The essential elements that need be satisfied in order to invoke the doctrine of *res judicata* are "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." *Id.* It is only where all three elements are satisfied that the prior action will be "conclusive as to all issues that were, or properly might have been, raised in that action." *Id.*

¶ 21    In determining whether there is an identity of the cause of action, Illinois adheres to the transactional test (as distinguished from the same-evidence test). *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310 (1998). When analyzed pursuant to the transactional test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 311. Thus, under the transactional test, so long as the claims arise from the same transaction, they will be considered to be the same cause of action, even if there is not a substantial overlap of evidence between the claims. *Id.*

¶ 22    Applying the transactional test to the facts in this case leads to the conclusion that there is not an identity of a cause of action. The 2016 foreclosure suit was to foreclose on the second

mortgage which was executed in October 2011 and secured an equity line of credit in the amount of $100,000. The second mortgage was in default as of May 2016. The present foreclosure action is to foreclose on the first mortgage, executed in December 2010, securing a loan of $76,000 with a default date in September 2016. These two mortgages are completely unrelated separate loan transactions that do not arise from a single group of operative facts. As a result, there is no identity of cause of action (*id.*) and B.J. Apartment's argument based on *res judicata* necessarily fails (*Marvel*, 318 Ill. App. 3d at 863).

¶ 23   In so ruling, we note that B.J. Apartment argues that BMO should be precluded from pursuing its foreclosure action based on equitable principles. It notes that there was a surplus of about $50,000 in the 2016 foreclosure action and that this surplus could have been applied to the senior mortgage if BMO had foreclosed on both liens simultaneously. B.J. Apartment asserts that it is not equitable to allow BMO to foreclose on its senior mortgage after it has spent over $86,000 on improvements to the property. However, it is well settled that the doctrine of *caveat emptor* applies to judicial sales except in case of fraud, misrepresentation, or mistake. *First National Bank of Blue Island v. Board of Managers of Faulkner House Condominium Association*, 252 Ill. App. 3d 139, 145 (1993). B.J. Apartment, as the purchaser at the judicial sale, took the property subject to any prior liens and encumbrances. *U.S. Bank*, 368 Ill. App. 3d at 727. It is not disputed that the first mortgage was of record at the time of the judicial sale, and B.J. Apartment, as a subsequent purchaser, is deemed to have had notice of its existence. *Members Equity Credit Union v. Duefel*, 295 Ill. App. 3d 336, 339 (1998). As such, B.J. Apartment's equitable arguments are also unavailing.

¶ 24                        III. CONCLUSION

¶ 25   For the reasons stated, the judgment of the circuit court of McHenry County is affirmed.

¶ 26    Affirmed.