2025 IL App (1st) 250332-U

FIRST DISTRICT,
SIXTH DIVISION
December 19, 2025

No. 1-25-0332

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LB-DWELLING SERIES V TRUST, | ) ) ) ) | |
| Plaintiff-Appellee, | ) | Appeal from the |
| v. | ) ) | Circuit Court of Cook County, Illinois. |
| | ) | |
| YAYHA HUSSAIN, | ) ) | No. 2023CH03014 |
| Defendant-Appellant | ) | |
| | ) | |
| (Martin Bibian; Yayha Hussain; Aurelia Bibian; Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PHPMS Trust I; and Unknown Owners and Non-record Claimants, | ) ) ) ) | Honorable James A. Wright, Judge Presiding. |
| | ) | |
| Defendants). | ) | |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's judgment of foreclosure and order confirming sale are affirmed.

¶ 2    Defendant Yahya Hussain argues that in October 2021, his father Syed Shah bought property previously owned by Martin and Aurelia Bibian at a judicial sale following foreclosure

of a junior mortgage on the property. Hussain's father allegedly gifted the property to Hussain by placing title in his name. However, unbeknownst to Hussain, there was a senior mortgage on the property. In March 2023, plaintiff U.S. Bank Trust National Association as Trustee of LB-Dwelling Series V Trust filed an action against Hussain and the Bibians to foreclose the senior mortgage. Hussain never filed an answer and tried repeatedly to delay the proceedings either *pro se* or through motions filed by Shah, who was neither a lawyer nor a party to the proceedings. On September 9, 2024, the trial court entered a default judgment and a judgment of foreclosure. The trial court confirmed the sale on January 24, 2025. Hussain appeals *pro se*, arguing the trial court failed to accommodate his mental disability and that U.S. Bank's action is barred by the prior foreclosure of the junior mortgage. We disagree and, therefore, affirm.

¶ 3                                            I. BACKGROUND

¶ 4        On September 16, 2005, MidAmerica Bank, FSB and the Bibians executed two notes secured by two mortgages on the property. The first mortgage (senior) secured a note of $168,000 and was recorded on October 26, 2005. The second mortgage (junior) secured a home equity line of credit for $42,000. The senior mortgage was recorded first. Following a series of recorded assignments, the junior mortgage was assigned to Wilmington as Trustee of the Aspen G Trust, a Delaware Statutory Trust. The senior mortgage was also reassigned, first, to Wilmington Savings Fund Society, FSB, as Trustee of the Grand Avenue Mortgage Loan Trust 2017-RPL1, and later, to plaintiff U.S. Bank.

¶ 5        On December 28, 2020, Wilmington, solely in its capacity as Trustee of the Aspen G Trust, a Delaware Statutory Trust, foreclosed on the junior mortgage based on the Bibians' default (case No. 2020 CH 07486). At the judicial foreclosure sale in October 2021, Hussain's father purchased the property in Hussain's name, apparently unaware of the existing senior

mortgage. The deed was issued to Hussain on August 22, 2022. Hussain's appellate brief claims he "knew nothing about buying, having deed in [his] name and property management."

¶ 6        On March 29, 2023, U.S. Bank filed the instant action to foreclose the senior mortgage based on the Bibians' default as of May 1, 2021. In August 2023, U.S. Bank moved for an order of default and judgment of foreclosure based on Hussain and the Bibians' failure to appear, answer, or otherwise plead (collectively, judgment motions). On August 30, 2023, Hussain's father, Shah, filed a motion to "Dismiss/Deny the Plaintiff for Foreclosure," prompting the trial court to refer Hussain to Chicago Volunteer Legal Services. In November 2023, counsel on behalf of Hussain filed an appearance and moved to dismiss, arguing foreclosure of the senior mortgage is barred under section 15-509(c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1509(c) (West 2022)). The trial court denied the motion and gave him time to answer the complaint.

¶ 7        On April 22, 2024, Hussain's counsel withdrew, and the trial court granted Hussain time to file an appearance *pro se* or through new counsel. On May 8, 2024, U.S. Bank moved for an order of default and judgment of foreclosure. Hussain filed a *pro se* appearance two days later.

¶ 8        On May 31, 2024, Shah filed a "Motion to Stop and Postpone Hearing" because Hussain could not understand the proceedings based on a mental disability stemming from a work-related incident in July 2022, in which a dead body was stuck underneath a train he was operating. The trial court struck the motion but granted Hussain additional time to answer or otherwise plead, and continued U.S. Bank's judgment motions. On July 5, 2024, Shah moved to postpone the hearing again, informing the court that he petitioned for guardianship of Hussain on July 3, 2024, "as instructed by the honorable judge" and attaching the petition (case No. 2024 P 4691). On

July 15, 2024, the trial court struck Shah's motion for lack of notice, failure to submit courtesy copies, and Shah being a non-party.

¶ 9 On July 31, 2024, Hussain filed a "Motion to Delay the Hearing Due to My Mental Illness and Motion for Fair Judgment and Void all Actions Filled [*sic*] by Syed Shah Through Attorney Hired by Him" and a "Motion to Vacate the Order and Reprimand the Plaintiff Attorney for Making Lies in Court that Notices Were Send [*sic*] to the Defendants." Hussain failed to appear in court, and the trial court struck the motions because they were untimely and filed without leave of court. The court also granted U.S. Bank's pending judgment motions.

¶ 10 Hussain and Shah then filed multiple motions seeking to vacate the court's order of default and judgment of foreclosure. On August 27, 2024, the trial court vacated the July 31, 2024, orders, struck Hussain and Shah's various filings, and "advised Syed Shah that he is barred from filing any additional pleadings in this matter as he is not a party to this action." The court granted Hussain until September 3, 2024, to answer the complaint and continued U.S. Bank's judgment motions to September 9, 2024.

¶ 11 On August 27, 2024, Hussain filed an "Emergency Motion to Delay the Hearing Due to Defendant Yayha Hussain Mental Disability," which the trial court struck the following day due to failure to send proper notice to any party. Hussain had resubmitted the same "emergency" motion, which the trial court denied, "as there is no emergency."

¶ 12 On August 29, 2024, Hussain, through his "court appointed guardian Syed Shah" filed an "Emergency Motion to Suspend and Postpone the Hearing Due to Defendant Yahya Hussain Mental Disability," informing the court of his mental disability and asking the court to postpone the proceedings until his doctor advises he can participate. Included with the motion was the probate court's August 22, 2024, order appointing Shah as temporary guardian of Hussain's

estate for the purpose of representing him in the foreclosure action. The trial court denied the motion for failure to send proper notice to any party. On August 30, 2024, Hussain filed another motion to postpone based on his mental disability. On September 3, 2024, Hussain filed a *pro se* document titled "Unable to Answer the Complaint Due to the Mental Disorder," once again asking to suspend any proceedings until Hussain's doctor advises he can participate.

¶ 13     On September 9, 2024, the trial court entered a 19-page memorandum opinion and order denying Hussain's filings and granting U.S. Bank's motions for an order of default and judgment of foreclosure. The court detailed Hussain and Shah's countless attempts to delay the case, which had been pending for 18 months, and Hussain's failure to answer despite multiple continuances. The court also held that, contrary to Hussain's belief, foreclosure of the senior mortgage was explicitly permitted under the Foreclosure Law, since U.S. Bank was not a party to the prior foreclosure action.

¶ 14     On September 17, 2024, Hussain appealed the trial court's September 9, 2024, judgment of foreclosure, which this court dismissed for lack of jurisdiction on January 6, 2025. Meanwhile, on October 9, 2024, Hussain filed a motion to "void" the court's September 9, 2024, order because he had asked to postpone the case due to his mental disability. The trial court struck the motion on October 21, 2024, and on October 29, 2024, Hussain filed a motion to stay the foreclosure sale. The trial court struck this motion due to Hussain's pending appeal.

¶ 15     On December 10, 2024, U.S. Bank purchased the property at the judicial foreclosure sale. On December 23, 2024, U.S. Bank moved for an order approving report of sale and distribution and an order to evict. On January 22, 2025, Hussain, through Syed as his guardian, moved to postpone the hearing on U.S. Bank's motion because Hussain had an emergency episode and was admitted to a mental health facility. On January 24, 2025, the trial court denied the motion to

postpone and entered an order approving the report of sale and distribution, confirming the sale, and ordering eviction.

¶ 16    On January 30, 2025, Hussain filed a motion to reconsider, explaining he tried to postpone the prior hearing because he was in a rehabilitative facility, but he was now "fully aware of his surrounding [*sic*]" and "able [to] communicate and *** represent [himself] in the court of law." The court struck Hussian's motion for lack of notice.

¶ 17    Hussain refiled his motion to reconsider, maintaining he could not answer before due to his mental disability and that the prior judicial sale following foreclosure of the junior mortgage should bar the instant action. The trial court denied the motion on February 14, 2025, as Hussain failed to assert an "intelligible basis to either reopen this matter or reconsider." Insofar as Hussain asserted a misapplication of law, the trial court reaffirmed its reasoning set forth in its September 9, 2024, memorandum opinion and order. Hussain filed a timely notice of appeal.

¶ 18                               II. ANALYSIS

¶ 19    Hussain contends the trial court failed to accommodate his mental disability and improperly barred Shah from speaking or communicating on his behalf as his court-appointed guardian. On the contrary, the record reflects the trial court accommodated Hussain, giving him every opportunity to defend the foreclosure through counsel, *pro se,* and his temporary guardian.

¶ 20    After Hussain's counsel withdrew, the court granted Hussain three extensions to file an answer, spanning five months, and vacated its July 31 judgment orders to give him another opportunity to comply. After Shah's numerous improper filings as a non-party and non-attorney, the trial court encouraged him to petition for guardianship of Hussain in probate court. Shah finally did so, and on August 22, 2024, was appointed Hussain's temporary guardian.

¶ 21       As Hussain's temporary guardian, Shah should have filed an answer on Hussain's behalf to avoid another default against his interests. Shah refused. Instead, he and Hussain continued to file motions to delay the proceedings indefinitely. Having already given Hussain multiple extensions – all to no avail – the trial court reasonably exercised its discretion in declining to enter a stay and moving forward with the order of default and judgment of foreclosure.

¶ 22       The record shows the trial court exhibited patience with Hussain and Shah for 18 months, even as they berated the court, filed suspicious documents, and impugned the integrity of the judicial proceedings, as outlined in the trial court's 19-page memorandum opinion and order. The court vacated the default and judgment orders once and then granted Hussain multiple extensions of time and opportunities to file an answer to the complaint to avoid default. It did this after fully considering and rejecting Hussain's argument through counsel that the action should be dismissed as barred by the foreclosure of the junior mortgage.

¶ 23       Citing section 15-1509(c) of the Foreclosure Law, Hussain repeats his argument that the foreclosure of the senior mortgage is barred by foreclosure of the junior mortgage, which supposedly "wiped out" any interest Wilmington had in the senior mortgage that was later assigned to U.S. Bank. Not so.

¶ 24       Section 15-1509(c) provides that vesting of title by deed under section 15-1509(b) of the Foreclosure Law "shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice ***." 735 ILCS 5/15-1509(c). Here, U.S. Bank was not a party to the 2020 junior mortgage foreclosure and was not given notice. Nor was Wilmington a party to the foreclosure in its individual capacity, but only as Trustee of the Aspen G Trust. Foreclosure of the junior mortgage by Wilmington as Trustee of the Aspen G Trust did not impute knowledge to the Trustee of the Grand Avenue Mortgage Loan Trust 2017-RPL1 or

extinguish its interest in the senior mortgage. See *Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. v. Sigler*, 2020 IL App (1st) 191006, ¶ 39 (because bank was a "plaintiff in a representative capacity only" as trustee in the initial foreclosure action and it was "not the same trust" as the subsequent actions, it did not share an "identity of parties" for purposes of the single-refiling rule).

¶ 25     Further, to hold that foreclosure of the junior mortgage extinguished the senior would contravene well-settled law that "[a] suit to foreclose a junior mortgage can cut off only rights or claims of interest *subsequent* to the interest asserted." (Emphasis in original.) *Heritage Federal Credit Union v. Giampa*, 251 Ill. App. 3d 237, 238 (1993). Here, the record is clear that Hussain purchased the property "subject to" the senior mortgage. 735 ILCS 5/15-1501(a) ( "any disposition of the mortgaged real estate shall be subject to (i) the interests of all other persons not made a party or (ii) interests in the real estate not otherwise barred or terminated in the foreclosure"); *U.S. Bank National Association v. Senese*, 2021 IL App (2d) 200302-U, ¶ 60 (defendant's purchase of property at judicial foreclosure sale was "subject to" senior mortgage); *Midwest Bank and Trust Co. v. US Bank*, 368 Ill. App. 3d 721, 727 (2006) ("[a] purchaser at a judicial foreclosure sale takes the property subject to any outstanding liens on the property"). Accordingly, we reject Hussain's argument that if he was accommodated by another extension of time or indefinite stay of the proceedings due to a mental disability, he would be able to prevent entry of the foreclosure and related judgments.

¶ 26                          III. CONCLUSION

¶ 27     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 28     Affirmed.